**In re ADOPTION OF HOLT.**

[Cite as *In re Adoption of Holt* (1991), 75 Ohio App.3d 450.]

Court of Appeals of Ohio,
Hamilton County.

No. C–900753.

Decided Aug. 7, 1991.

---

*Paul E. Lukey,* for respondent-appellee Larry Ward.

*Carolyn Mussio Franke,* for petitioners-appellants Gerald and Jan Kozsycki.

---

*Per Curiam.*

Petitioners-appellants Gerald and Jan Kozsycki appeal from the probate court's order dismissing their petition for the adoption of Lance Kelly Holt.

In rendering its decision, the lower court ruled that the dismissal was necessary because the putative father of the child, appellee Larry Ward ("Ward"), had filed an objection to the proposed adoption. Appellants advance a single assignment of error, challenging the probate court's interpretation of R.C. 3107.06(F)(4), which allows the putative father the opportunity to file an objection to the adoption "within thirty days of the filing of a petition to adopt the minor or its placement in the home of the petitioner, whichever occurs first." In the instant case, Ward did not file his objection within the designated thirty-day period. We affirm the judgment of the trial court, however, because the strict application of R.C. 3107.06(F)(4) would have deprived Ward of his right to procedural due process.

The facts of this case are relatively simple. In 1986, Ward and Jennifer Holt ("Holt") began living together. Approximately three years later, on April 18, 1989, Holt gave birth to a son, Lance. The three of them lived together at various locations until May 5, 1990. On that date the couple broke off their relationship and Holt and the child moved to another residence. Shortly thereafter, Holt decided that she would make Lance eligible for adoption. On May 25, 1990, the appellants filed a petition for the adoption of Lance, listing Ward (as the possible father) under the heading of "Persons or Agencies Whose Consent to the Adoption is Necessary." On the same date, Holt consented to the proposed adoption and Lance was, in fact, placed in the home of the appellants. The appellants claim that Ward had thirty days from that date to object to the adoption.

The record indicates that Ward did not file his objection within the period urged by the appellants. The record reflects, however, that Ward was not notified of the proceedings until July 5, 1990. He filed an objection twenty-two days later on July 27, 1990. On September 20, 1990, the appellants filed an amended petition alleging that Ward's consent to the adoption was not necessary because he had abandoned the child. A hearing was conducted on the matter four days later, at which time evidence was adduced demonstrating that Ward had cared for and supported Lance subsequent to his birth. The trial court subsequently held that Ward had adequately objected to the adoption of Lance and dismissed the appellants' petition. The appellants then filed a timely notice of appeal to this court.

In their sole assignment of error, the appellants allege that the trial court erred in failing to construe R.C. 3107.06(F)(4) as a statute of limitations. This assignment is overruled.

In rendering our decision, we accept the appellants' contention that Ward failed to object to the proposed adoption within the time period specified in R.C. 3107.06(F)(4). The record, however, establishes that Ward was not

notified of the proceedings until the statutory period had expired. Under these circumstances, we must conclude that a rigid application of R.C. 3107.06(F)(4) by the trial court would have denied Ward his right to procedural due process.

The Fourteenth Amendment to the United States Constitution provides that "[n]o State shall * * * deprive any person of life, liberty, or property without due process of law." Our inquiry begins with a determination of the exact nature of the individual interest that is being threatened by R.C. 3107.06(F)(4). In *Meyer v. Nebraska* (1923), 262 U.S. 390, 399, 43 S.Ct. 625, 626, 67 L.Ed. 1042, 1045, the United States Supreme Court in attempting to define liberty stated that "it denotes not merely freedom from bodily restraint but also the right of the individual to * * * establish a home and [to] bring up children." Later, in *Stanley v. Illinois* (1972), 405 U.S. 645, 651, 92 S.Ct. 1208, 1212, 31 L.Ed.2d 551, 558, the court found that the interest a man enjoys in the children he has sired and raised "undeniably warrants deference and, absent a powerful countervailing interest, protection." Moreover, "[w]hen an unwed father demonstrates a full commitment to the responsibilities of parenthood by 'com[ing] forward to participate in the rearing of his child,' * * * his interest in personal contact with his child acquires substantial protection under the Due Process Clause." *Lehr v. Robertson* (1983), 463 U.S. 248, 261, 103 S.Ct. 2985, 2993, 77 L.Ed.2d 614, 627.

█ In the instant case, the record demonstrates that Ward did offer care and support for Lance, and that he was interested in the child's well-being. We conclude, therefore, that the relationship between Ward and Lance gave rise to a legally protected interest that was entitled to constitutional protection.

Our focus next centers on what process was due Ward. In *Fuentes v. Shevin* (1972), 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556, 569, the United States Supreme Court observed that "[p]arties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified." Furthermore, "it is equally fundamental that the right to notice and an opportunity to be heard 'must be granted at a meaningful time and in a meaningful manner.'" *Armstrong v. Manzo* (1965), 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62, 66.

█ In the case *sub judice*, we conclude that the trial court properly permitted Ward to object to the proposed adoption of Lance. We are convinced that to hold otherwise by validating the appellants' assignment of error would, in effect, deprive Ward of a constitutionally protected interest without providing him with notice or the opportunity to be heard on the matter. Our conclusion is supported by the record, which demonstrates that

Ward was not given notice of the adoption proceedings until after the thirty-day period specified in R.C. 3107.06(F)(4) had passed.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

GORMAN, P.J., SHANNON and UTZ, JJ., concur.