[This opinion has been published in *Ohio Official Reports* at 70 Ohio St.3d 293.]

IN RE ADOPTION OF GREER.

[Cite as *In re Adoption of Greer*, 1994-Ohio-69.]

*Adoption—Trial court's finding that consent to an adoption of a party described in R.C. 3107.06 is not required is a final appealable order—Putative father who has signed the child's birth certificate as informant has a statutory right to withhold his consent to the adoption of that child—Procedure for putative father who has signed the birth certificate to preserve his right to withhold consent to the child's adoption—R.C. 3107.06(F)(3) and 3107.07(B), construed.*

1. A trial court's finding pursuant to R.C. 3107.07 that the consent to an adoption of a party described in R.C. 3107.06 is not required is a final appealable order.

2. Unless the statutory consent requirement of R.C. 3107.06(F)(3) is excused pursuant to R.C. 3107.07(B), a putative father who has signed the birth certificate of a child as informant as provided in R.C. 3705.09 has a statutory right to withhold his consent to the adoption of that child, thereby barring the child's adoption by another.

3. To preserve his right to withhold consent to the child's adoption and avoid a finding that the requirement of his consent shall be excused, a putative father who has signed the birth certificate of a child must file a written objection to the adoption with the court, Department of Human Services, or the agency having custody of the child, but that objection need not be filed within thirty days from the earlier of the date of the adoption petition or placement of the child. (R.C. 3107.06[F][3] and 3107.07[B], construed.)

(No. 93-902—Submitted April 27, 1994—Decided September 21, 1994.)

APPEAL from the Court of Appeals for Hancock County, No. 5-92-34.

_____

{¶ 1} On July 26, 1987 Carol Lee Young, then seventeen years of age, gave birth to Joshua Alan Young. Eric Denis Weiss, appellee herein, signed Joshua's birth certificate as informant, and is identified on the birth certificate as his father. Weiss, age nineteen at the time of Joshua's birth, and Carol Young were never married, nor was Weiss ever legally adjudicated to be Joshua's father.

{¶ 2} On May 14, 1992, appellant Dennis L. Greer filed a petition in the Probate Court of Hancock County seeking to adopt Joshua. In his petition, Greer alleged that he was Joshua's stepfather, and that he was married on August 17, 1991. He further alleged that the consent of Eric Weiss to the adoption was not necessary in that (1) Weiss had failed without justifiable cause to communicate with the minor for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the minor in his home, and (2) Weiss had failed without justifiable cause to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the minor in his home. Simultaneously with the filing of his petition, Carol L. Greer (nee Carol L. Young) filed her written consent to the adoption of her son by her husband, Dennis Greer.

{¶ 3} On May 15, 1992, the probate court issued a notice of hearing on the petition for adoption to Weiss. The notice followed Form 18.2 of the Probate Forms set forth in C.P.Sup.R. 16. The notice advised Weiss that a petition for Joshua's adoption had been filed on May 14, 1992 and further advised that "hearing of said Petition will be had *** on the 1st day of July, 1992." Included at the bottom of the prescribed Form 18.2 was the following statement: "FAILURE TO FILE AN OBJECTION ON OR BEFORE THE HEARING DATE MAY RESULT IN TERMINATION OF YOUR PARENTAL RIGHTS." Weiss received a copy of the petition and the notice of hearing on the petition on May 20, 1992.

{¶ 4} On June 25, 1992, Weiss formally entered his appearance in the action through counsel and requested a continuance of the July 1 hearing. The court granted a continuance of the July 1 date previously set for hearing the merits of the adoption petition, and rescheduled the hearing for July 17, 1992.

{¶ 5} On July 6, a pretrial conference was held at which counsel for Weiss orally objected to the adoption going forward without Weiss' consent. That afternoon a written objection to Joshua's adoption was filed in the probate court on behalf of Weiss. As such, Weiss' written objection was filed on the fifty-third day after the filing of the petition for adoption, but well before the continued hearing date of July 17, 1992.

{¶ 6} On July 17, the probate court held an evidentiary hearing limited to the issue of whether the adoption could proceed without the consent of Weiss. Weiss testified that, upon receiving the Form 18.2 notice, he consulted with his father and contacted numerous attorneys concerning their possible representation of him, but did not initially retain an attorney. He testified that he understood the Form 18.2 notice to mean that he was obligated to have an attorney present with him when he walked into the courtroom for the July 1 hearing date set forth on the form.

{¶ 7} On July 30, 1992, the probate court found that "the putative father failed to timely object[] to the adoption pursuant to ORC {3107.07(B) and therefore his consent to the adoption is unnecessary," in that Weiss had failed to file a written objection to the adoption within thirty days of the filing of the adoption petition. The court expressly designated its finding to be a final appealable order.

{¶ 8} The court of appeals reversed and remanded the cause for further proceedings, finding that the notice Weiss received contained misleading legal information, and that Weiss could not, consistent with due process and simple fairness, be held to a standard of strict compliance with the time limits of R.C. 3107.06(F)(4) for the filing of written objections.

**{¶ 9}** The cause is before this court pursuant to the allowance of a motion to certify the record.

_____

*Karen E. Elliott*, for appellant.

*J. Stanley Needles*, for appellee.

_____

**A. WILLIAM SWEENEY, J.**

**{¶ 10}** In this case the statutory and constitutional rights of Eric Weiss, an unwed biological father faced with the prospect of the adoption of his natural child by another, are at issue. Having examined the record and the relevant law, we conclude that Weiss' right to withhold his consent to the adoption of his child was grounded in R.C. 3107.06(F)(*3*) rather than R.C. 3107.06(F)(*4*), and that his written objection to the adoption was not subject to the thirty-day filing requirement set forth in R.C. 3107.06(F)(4). We therefore find that both lower courts erred in determining that Weiss' objection was not timely filed, and that the court of appeals erred in finding that Form 18.2 conveyed misleading information to him. Because Weiss timely filed an objection to the adoption of his putative son, Joshua Young, the probate court was without authority to excuse the requirement of Weiss' consent without first making a finding of lack of biological paternity, willful abandonment, or failure to support as set forth in R.C. 3107.07(B). We affirm the court of appeals on this basis rather than on constitutional due process grounds, and remand the cause with instructions that the putative father, Weiss, be given notice and an opportunity to be heard on the question whether the requirement of his consent may be excused based on R.C. 3107.07(B), i.e., whether he failed to support Joshua, abandoned Joshua, or abandoned Joshua's mother during her pregnancy and thereafter.

I

**{¶ 11}** It is incumbent upon us initially to determine whether the issues presented are properly before us. The probate court held that, pursuant to R.C. 3107.06(F)(4) and 3107.07(B), the consent of the putative father, Weiss, was not necessary in that he failed to file written objections to the adoption within thirty days of the filing of the petition. The court expressly deemed that finding to be a final appealable order. Only if the probate court was correct in finding its decision to be a final appealable order did the court of appeals have jurisdiction to review the probate court's order. Section 3(B)2), Article IV of the Ohio Constitution; *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64; *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 540 N.E.2d 1381. A final appealable order is defined in R.C. 2505.02 as: "An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial[.]" In this case, the order allowing the adoption to proceed without Weiss' consent falls within this statutory definition, if at all, as an order that affects a substantial right made in a special proceeding.

**{¶ 12}** The courts of appeals of this state have differed in answering the question whether a finding excusing consent to an adoption is an order that affects a substantial right made in a special proceeding and, thus, a final appealable order. Courts finding that such an order is final and appealable include the Third District Court of Appeals in *In re Adoption of Jorgensen* (1986), 33 Ohio App.3d 207, 515 N.E.2d 622; the Fourth District Court of Appeals in *In re Adoption of Payne* (Mar. 24, 1988), Ross App. No. 1414, unreported, *In re Adoption of Bing* (Feb. 26, 1991), Gallia App. No. 90CA1, unreported, and *In re Beekman* (Mar. 30, 1994), Scioto App. No. 93-CA-2117, unreported, 1994 WL 106241; the Sixth District Court of Appeals in *Sprunk v. Sprunk* (Jan. 27, 1989), Lucas App. No. L-88-087, unreported, 1989 WL 5416; and the Eighth District Court of Appeals in *In re Adoption of Hupp*

(1982), 9 Ohio App.3d 128, 9 OBR 192, 458 N.E.2d 878.  Courts finding that such an order is interlocutory and not appealable until judgment is issued on the adoption petition itself include the Tenth Appellate District in *In re Adoption of Salisbury* (1982), 5 Ohio App. 3d 65, 5 OBR 161, 449 N.E.2d 519; and the Eleventh Appellate District in *In re Adoption of Cline* (1993), 89 Ohio App.3d 450, 624 N.E.2d 1083.

{¶ 13} In *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213, we established a two-step process by which a reviewing court is to determine the appealability of an order pursuant to R.C. 2505.02. "[T]he first inquiry for any reviewing court is whether the order was entered in a special proceeding."  *Id.*, 67 Ohio St.3d at 108, 67 N.E.2d at 218, fn. 8.  A special proceeding as used in R.C. 2505.02 is an action created by statute and not recognized at common law or in equity.  *Id.*, 67 Ohio St.3d at 107, 67 N.E.2d at 218. If a reviewing court finds that the order was entered in a special proceeding, the court must then proceed to the second step of the determination process and inquire as to whether the order affected a substantial right.  *Id.*, 67 Ohio St.3d at 108, 67 N.E.2d at 218, fn. 8.

{¶ 14} A determination pursuant to R.C. 3107.07 adverse to the party claiming a right to withhold consent to adoption satisfies both *Polikoff* criteria.  The right to bar an adoption by withholding consent is a right created by statute (R.C. 3107.06 and 3107.14[C]) as are proceedings pursuant to R.C. 3107.07.  Indeed, "the provisions authorizing adoptions are purely statutory."  *Lemley v. Kaiser* (1983), 6 Ohio St.3d 258, 260, 6 OBR 324, 326-327, 452 N.E.2d 1304, 1307.  As noted in *In re Adoption of Hupp*, *supra*, at 128, 9 OBR at 193, 458 N.E.2d at 880, fn. 1: "Adoptions are special statutory proceedings, which have no counterpart at common law.  *In re Adoption of Biddle* (1958), 168 Ohio St. 209 [6 O.O.2d 4, 152 N.E.2d 105.]"

{¶ 15} Further, the right to withhold parental consent to an adoption provided for by R.C. 3107.06 can only be described as substantial, dealing as it does with the continuation or termination of the parent-child relationship, a bond

which constitutes one of the most fundamental relationships upon which our society is based. An order pursuant to R.C. 3107.07 excusing the consent requirement must certainly be deemed to be one affecting a substantial right within the scope of R.C. 2505.02, as it precludes the claimant from the right to unilaterally bar the adoption of his or her child. The prejudice resulting from a determination negating that right is self-evident.

{¶ 16} We thus hold that a trial court's finding pursuant to R.C. 3107.07 that the consent to an adoption of a party described in R.C. 3107.06 is not required is a final appealable order.[1]

II

{¶ 17} Having determined that we have jurisdiction to review the probate court's final appealable order, we turn to the substantive issues presented.

{¶ 18} Adoption not only creates parental rights in an adoptive parent, but also terminates all parental rights of a natural parent. R.C. 3107.15. Because of the finality and serious import of adoption, the law accords protections to a natural parent when the adoption of a child is proposed. Among those protections are the right to adequate notice and an opportunity to be heard before any parental rights which may exist are terminated. *Lehr v. Robertson* (1983), 463 U.S. 248, 103 S.Ct. 2985, 77 L.Ed.2d 614.[2]

---

1. It should, therefore, be well-noted by practitioners before the probate bar that, to be timely, an appeal of an R.C. 3107.07 decision adverse to one claiming a right to withhold consent must be appealed within thirty days of the entry of the order finding consent unnecessary. Cf. *In re Adoption of Jorgensen* (1986), 33 Ohio App.3d 207, 208-209, 515 N.E.2d 622, 624 ("[W]e conclude that the July 6, 1984 order was a final appealable order and, no appeal having been taken within thirty days therefrom, all the matters which could have been reviewed had an appeal been taken have now become *res judicata* and are not reviewable in a subsequent appeal taken from the final adoption order.").

2. See *Lehr*, *supra*, at 463 U.S. 261-262, 103 S.Ct. at 2993-2994, 77 L.Ed.2d at 626-627 ("[W]hen an unwed father demonstrates a full commitment to the responsibilities of parenthood by 'com[ing] forward to participate in the rearing of his child,' *** [citation omitted] his interest in personal contract with his child acquires substantial protection under the Due Process Clause. *** The significance of the biological connection is that it offers the natural father an opportunity that no other male possesses to develop a relationship with his offspring. If he grasps that opportunity and

**{¶ 19}** In addition to constitutional protections which may exist, R.C. 3107.06 provides parents, including putative unwed fathers who fall within its scope, a statutory right to bar the adoption of his or her child by withholding consent to that adoption. As applicable to putative fathers, R.C. 3107.06(F) provides:

**{¶ 20}** "Unless consent is not required under section 3107.07 of the Revised Code, a petition to adopt a minor may be granted only if written consent to the adoption has been executed by all of the following:

"∗∗∗

"(F) Subject to division (B) of section 3107.07 of the Revised Code, the putative father, if he:

"(1) Is alleged to be the father of the minor in proceedings brought under sections 3111.01 to 3111.19 of the Revised Code at any time before the placement of the minor in the home of the petitioner;

"(2) Has acknowledged the child in a writing sworn to before a notary public at any time before the placement of the minor in the home of the petitioner;

"(3) Has signed the birth certificate of the child as an informant as provided in section 3705.09 of the Revised Code;

"(4) Has filed an objection to the adoption with the agency having custody of the minor or the department of human services at any time before the placement of the minor in the home of the petitioner, or with the probate court or the department of human services within thirty days of the filing of a petition to adopt the minor or its placement in the home of the petitioner, whichever occurs first."

**{¶ 21}** Because Weiss identified himself as Joshua's father at the time of the child's birth by signing Joshua's birth certificate as informant, Weiss was vested with a right to refuse consent by virtue of R.C. 3107.06(F)(*3*) and not on the basis

accepts some measure of responsibility for the child's future, he may enjoy the blessings of the parent-child relationship and make uniquely valuable contributions to the child's development. If he fails to do so, the Federal Constitution will not automatically compel a State to listen to his opinion of where the child's best interests lie.").

of his having filed written objections to the adoption within the thirty-day period described in R.C. 3107.06(F)(4). Thus, unless the statutory consent requirement of R.C. 3107.06(F)(3) is excused pursuant to R.C. 3107.07(B), a putative father who has signed the birth certificate of a child as informant as provided in R.C. 3705.09 has a statutory right to withhold his consent to the adoption of that child, thereby barring the child's adoption by another.

{¶ 22} Weiss' legal status may be contrasted to that of a putative father who neither signed the child's birth certificate nor took the steps described in R.C. 3107.06(F)(1) or (2) to validate his paternity. Ohio statutory law distinguishes between putative fathers who have stepped forward to accept the responsibilities of parenthood in these ways, and those who have not. Where an unadjudicated biological father has not taken any of the steps described in R.C. 3107.06(F)(1), (2) or (3), he *may* have a statutory right to bar the adoption of his biological child by withholding his consent, but only where he meets the criteria set forth in R.C. 3107.06(F)(4), *i.e.*, where he timely files an objection to placement or adoption with an appropriate body.

{¶ 23} Where a natural putative father falls within any division of R.C. 3107.06(F), however, the requirement of obtaining his consent to the adoption of his putative child is not absolute. On the contrary, the requirement of his consent may be excused pursuant to R.C. 3107.07, which provides, in part:

"Consent to adoption is not required of any of the following:
"***

"(B) *The putative father of a minor if the putative father* fails to file an objection with the court, the department of human services, or the agency having custody of the minor as provided in division (F)(4) of section 3107.06 of the Revised Code, or *files an objection with the court*, department, or agency *and the court finds*, after proper service of notice and hearing, *that he is not the father of the minor, or that he has willfully abandoned or failed to care for and support the*

*minor, or abandoned the mother of the minor during her pregnancy and up to the time of her surrender of the minor, or its placement in the home of the petitioner, whichever occurs first.*" (Emphasis added.)

{¶ 24} In construing adoption statutes this court has recognized that "[a]ny exception to the requirement of parental consent must be strictly construed so as to protect the right of natural parents to raise and nurture their children." *In re Adoption of Schoeppner* (1976), 46 Ohio St. 2d 21, 24, 75 O.O.2d 12, 13, 345 N.E.2d 608, 610. Accord *In re Adoption of Holcomb* (1985), 18 Ohio St. 3d 361, 366, 18 OBR 419, 424, 481 N.E.2d 613, 619; *In re Adoption of Masa* (1986), 23 Ohio St. 3d 163, 165, 23 OBR 330, 331, 492 N.E.2d 140, 142. Initially, we note that R.C. 3107.07(B) does not expressly set forth a time limitation for the filing of a putative father's objection. More importantly, R.C. 3107.06(F) does not specifically designate whether the divisions of subsection (F) are to be read in the conjunctive or the disjunctive, as neither the word "or" or "and" is used at the conclusion of R.C. 3107.06(F)(1), (2), and (3). The statute cannot, however, be logically read to require a putative father to comply with each and every subsection of division (F), *i.e.*, a putative father need not sign a birth certificate *and* initiate a paternity action, *and* acknowledge his child before a notary public to procure a right to withhold consent. That being the case, it is unlikely that the legislature intended that putative fathers falling within the scope of R.C. 3107.07(F)(1), (2), or (3) should also be required to comply with R.C. 3107.06(F)(4). We would be requiring such a step were we to read the thirty-day requirement of the latter provision into R.C. 3107.07(B) as to these fathers.

{¶ 25} Moreover, this court has long recognized it to be a well-settled principle of statutory construction that "where constitutional questions are raised, courts will liberally construe a statute to save it from constitutional infirmities." *State v. Sinito* (1975), 43 Ohio St.2d 98, 101, 72 O.O.2d 54, 56, 330 N.E.2d 896, 898 (citing *State ex rel. Prospect Hosp., v. Ferguson* [1938], 133 Ohio St. 325, 10

10

O.O. 493, 13 N.E.2d 723, and *Wilson v. Kennedy* [1949], 151 Ohio St. 485, 40 O.O. 500, 86 N.E.2d 722); *State v. Dickerson* (1989), 45 Ohio St. 3d 206, 543 N.E.2d 1250. Similarly, pursuant to R.C. 1.47, a court must presume that in enacting a statute the legislature intended it to comply with the United States and Ohio Constitutions. Upon taking the actions described in R.C. 3107.06(F)(1), (2), and (3), putative fathers are vested with a significant right, *i.e.*, the right to withhold consent to the adoption of children they claim to be their natural offspring, thereby precluding their adoption by another. Once vested with that property interest, such fathers may not be deprived of that interest in the absence of procedural due process requirements of adequate notice and an opportunity to be heard. See *Cleveland Bd. of Edn. v. Loudermill* (1985), 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494. In accord with constitutional requirements, R.C. 3107.07(B) expressly provides that upon filing an objection, the putative father shall be given "proper service of notice and hearing" on the issues of biological paternity, abandonment, or lack of support. Were we to construe R.C. 3107.07(B) so as to impose the thirty-day time restriction of 3107.06(F)(4) upon an R.C.3107.06(F)(1),(2), or (3) putative father, we would thereby jeopardize the constitutionality of the entire statutory scheme, by allowing the deprivation of the right to withhold consent without first providing for notice and opportunity to be heard.

{¶ 26} Accordingly, pursuant to a proper interpretation of R.C. 3107.07(B), the consent requirement of a putative father who falls within the scope of R.C. 3107.06(F) and has filed an objection[3] with the court prior to the conclusion of the hearing on the merits of the adoption hearing may be excused only where the court finds "after proper service of notice and hearing, that he is not the father of the

---

3. We express no opinion as to whether a putative father who objects to the adoption for the first time by making an oral objection at the hearing of the adoption petition has "filed" an objection within the scope of R.C. 3107.07(B). Cf. In re Adoption of Youngpeter (1989), 65 Ohio App.3d 172; 583 N.E.2d 360 (implicitly holding that oral objection suffices to trigger right to hearing on R.C. 3107.07[B] issues of abandonment or failure to support).

minor, or that he has willfully abandoned or failed to care for and support the minor, or abandoned the mother of the minor during her pregnancy and up to the time of her surrender of the minor, or its placement in the home of the petitioner, whichever occurs first." R.C. 3107.07(B).

{¶ 27} We thus hold that in order to preserve his right to withhold consent to the child's adoption and avoid a finding that the requirement of his consent shall be excused, a putative father who has signed the birth certificate of a child must file an objection to the adoption with the court, department, or agency having custody of the child, but that his objection need not be filed within thirty days from the earlier of the date of filing of the adoption petition or placement of the child.

III

{¶ 28} Although we resolve this case on the basis of statutory construction, we would be remiss were we not to advise the probate courts of this state as to what has clearly been illustrated in this case to be a potential defect in Probate Form 18.2. Probate Form 18.2 is not well adapted for use in situations where a biological putative father is given notice of the pendency of adoption proceedings of his natural child. Initially, we note that the form[4] sets forth expressly only the standards of R.C. 3107.07*(A)*, which are not applicable to putative fathers but rather to parties whose status as parent has been legally adjudicated. *In re Adoption of Sunderhaus*

---

4. Form 18.2 reads, in part:
"It is alleged in the Petition that (R.C. 3107.07)
"[name to be inserted]
"( ) the parent has failed without justifiable cause to communicate with the minor for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the minor in the home of the petitioner.
"( ) the parent has failed without justifiable cause to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the minor in the home of the petitioner.
"( ) (state other grounds under R.C. 3107.07)[.]"
Form 18.0 (Petition for Adoption of Minor Child) contains similar language in setting forth options which a petitioner may indicate as the basis for failure to submit with the petition written consents of persons identified in R.C. 3107.06.

(1992), 63 Ohio St.3d 127, 585 N.E.2d 418. Of more substantive concern, however, is the fact that the prominent notice "FAILURE TO FILE AN OBJECTION ON OR BEFORE THE HEARING DATE MAY RESULT IN TERMINATION OF YOUR PARENTAL RIGHTS" which appears at the bottom of Probate Form 18.2 conveys misleading information to putative fathers not falling within the scope of R.C. 3107.06(F)(1), (2), or (3). Among all biological parents, it is only the R.C. 3107.06(F)(4) putative father who must file an objection within a thirty-day period from placement or filing of an adoption petition to establish and protect his statutory right to withhold consent. Where the hearing date set forth on Form 18.2 is in excess of thirty days from the filing of the petition or the placement of the child, the above-quoted notice prescribed by Probate Form 18.2 may falsely lull the putative father who does not fall within the scope of R.C. 3107(F)(1), (2), or (3) to believe that failure to act promptly upon receipt of Form 18.2 will not cause him to suffer adverse effects. Such a party may well believe that his interests will be protected so long as he "files an objection on or before the hearing date." In fact, in such a situation a putative father must take action *in advance* of the hearing date to establish his statutory right to withhold consent, *i.e.*, within thirty days of the filing of the adoption petition or placement of the child, whichever is earlier. The court of appeals below recognized this misleading aspect of Form 18.2 and held that it rose to the level of a deprivation of the constitutional right to adequate notice. Because we have held that Weiss was not subject to the thirty-time limitation of R.C. 3107.07(F)(4), it is not necessary for us to affirm or deny this aspect of the court of appeals' decision. Nevertheless, until such time as the probate adoption forms may be reviewed or amended, we strongly urge the bench and bar of this state to revise or adapt those forms as may be appropriate when prepared for delivery to unwed putative fathers not qualifying under R.C. 3107.06(F)(1), (2), or (3), but who may nevertheless be constitutionally entitled to notice of the initiation

of adoption proceedings.[5]  Ultimately, the interests of the child, as well as those who love and care for him or her, are best served when adoption decrees possess the finality which results from proceedings of unquestionable procedural propriety and fairness.

{¶ 29} Accordingly, the judgment of the court of appeals is affirmed and the cause is remanded to the trial court with instructions.

*Judgment affirmed*
*and cause remanded.*

MOYER, C.J., WRIGHT,  RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS, J., concurs in judgment only.

––––––––––––––––––

5.  See, Lehr, supra; In re Adoption of Holt (1991), 75 Ohio App. 3d 450, 599 N.E.2d 812 (objections to adoption of putative father were appropriately heard despite failure to file objection within thirty-day period where strict application of R.C. 3107.06[F][4] would have deprived father of due process rights; putative father was not notified of the filing of the adoption proceedings until well after the running of the statutory thirty-day period); and In re Adoption of McMillon (Feb. 20, 1980), Montgomery App. No. 6505, unreported (a putative father may not be foreclosed from objecting to a proposed adoption based a failure to file objections within the thirty-day period of R.C. 3107.06(F)(4) in the absence of a proper and complete notice of the statutory requirement.)  Accord In re Adoption of Waugh (May 26, 1989), Richland App. No. CA-2647, unreported.  Cf. In re Adoption of Hudnall (1991), 71 Ohio App 3d 376, 594 N.E.2d 45 (Neither the Constitution of the United States nor R.C. 3107.06[F][4] requires either a trial judge or a litigant to give notice of the pendency of adoption proceedings.).