OPINION AND JUDGMENT ENTRY
This is an accelerated appeal from an order issued by the Ottawa County Court of Common Pleas, Probate Division, denying a natural mother's motion to set aside the adoption of her two children.
In 1994, appellant, Mary Ann P., consented to the adoption of her two children, Emily and Benjamin. The children were adopted by appellant's parents, appellees John and Priscilla P. Following the adoption, appellant resided with appellees and her children for the next four years. However, in 1998, a dispute arose between appellant and her parents, resulting in appellant leaving appellees' home. When appellant left, appellees refused to allow her to take the children with her.
Appellant then moved, pursuant to Civ.R. 60(B), to have the 1994 final adoption order set aside. In her motion, she asserted that she was deprived of legal counsel during the original proceeding because she believed that her parents' attorney was also representing her interests. She further claimed that her parents assured her that the adoption would not alter her relationship with the children.
The trial court rejected appellant's motion without a hearing, finding that the action was barred by R.C. 3107.16(B) and that the motion was untimely pursuant to Civ.R. 60(B)(3). Appellant now appeals this ruling, arguing that the court erred in rejecting her motion and abused its discretion in denying her an evidentiary hearing on the motion.
R.C. 3107.16(B) provides:
 "(B) Subject to the disposition of an appeal, upon the expiration of one year after an adoption decree is issued, the decree cannot be questioned by any person, including the petitioner, in any manner or upon any ground, including fraud, misrepresentation, failure to give any required notice, or lack of jurisdiction of the parties or of the subject matter, unless, in the case of the adoption of a minor, the petitioner has not taken custody of the minor, or, in the case of the adoption of a minor by a stepparent, the adoption would not have been granted but for fraud perpetrated by the petitioner or the petitioner's spouse, or, in the case of the adoption of an adult, the adult had no knowledge of the decree within the one-year period."
The ultimate goal of the adoption statutes is to serve the best interests of the child. In re Adoption of Zscach (1996), 75 Ohio St.3d 648,651. The General Assembly has balanced the rights of natural parents to a child's companionship with the child's need for a permanent and stable home, and has concluded that the child's best interest is served when an adoption is completed expeditiously. Id., citing In re Adoption of Baby Girl Hudnall
(1991), 71 Ohio App.3d 376, 380.[1] Thus, a final adoption decree is virtually unassailable more than a year after it is entered. In re Rabatin (1992), 83 Ohio App.3d 836, 840.
Appellant suggests her case is statutorily exempt, since "* * * the petitioner has not taken custody of the minor * * *." The trial court rejected this argument and so do we. It is uncontested that for the past four years the children have lived with appellees. This is legal and actual custody. The fact that appellant also resided there has no bearing on any material issue in this case.
Accordingly, R.C. 3107.16(B) is dispositive of the appeal. Nothing in appellant's motion gives rise to a need for an evidentiary hearing, so the trial court did not abuse its discretion in failing to conduct such a hearing. Moreover, as the statute is dispositive, it is moot as to whether the action was brought pursuant to Civ.R. 60(B)(3) or 60(B)(5). Accordingly, appellant's assignments of error are not well-taken.
On consideration whereof, the judgment of the Ottawa County Court of Common Pleas, Probate Division, is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., JUDGE
Richard W. Knepper, J., JUDGE
Mark L. Pietrykowski, J., JUDGE
CONCUR.
[1] The importance of timeliness in the resolution of issues effecting a child's life is also reflected elsewhere in the code. See, e.g., R.C. 2151.414(B)(1); (E)(1), (2), (7).