DECISION AND JUDGMENT ENTRY
David J. Wachtel appeals the denial of several motions by the Athens County Court of Common Pleas. Because we find that Wachtel was seeking post-conviction relief even though he was not convicted, and because Wachtel attempts to substitute motions seeking vacation and reconsideration for a direct appeal, we find no error in the trial court's denial of Wachtel's motions. Wachtel also argues that the absence of a law library at the psychiatric facility where he is committed violates his constitutional rights to equal protection and due process. Because Wachtel did not raise these claims in the trial court, we decline to address them. Accordingly, we affirm the judgment of the trial court.
 I.
In February, 1997, the Athens Police Department charged Wachtel with assault on a peace officer, a violation of R.C. 2903.11 (A) (1), after he sprayed an officer with pepper spray.
In May, 1998, the trial court found Wachtel not guilty by reason of insanity ("NGRI"). The trial court also found that Wachtel was a mentally ill person in need of court ordered inpatient psychiatric hospitalization and that the least restrictive setting was a mental hospital, specifically, the Twin Valley Psychiatric System in Columbus.
In November, 1998, the trial court held a hearing pursuant to R.C. 2945.401 and determined that Wachtel's commitment should be continued.
On April 30, 1999, Wachtel filed a motion seeking the trial court's reconsideration of its denial of his previous motions to vacate his plea of NGRI.[1] He also sought a hearing on his motion, the recusal of the trial judge, the issuance of subpoenas, and copies of hearing transcripts. The trial court denied Wachtel's motion. Wachtel appeals, asserting the following assignments of error for our review:
 I. THIS COURT VIOLATES THE APPELLANT'S RIGHTS TO DUE PROCESS AND EQUAL PROTECTION UNDER THE OHIO AND UNITED STATES CONSTITUTIONS WHEN IT FAILS TO ORDER THE STATE OF OHIO, THE OHIO DEPARTMENT OF MENTAL HEALTH AND THE HOSPITAL TO WHICH THE APPELLANT IS COMMITTED TO PROVIDE THE APPELLANT, WHO HAS NEVER BEEN CONVICTED OF A CRIME, LEGAL REFERENCE MATERIALS PROVIDED BY LAW TO ANY AND EVERY CONVICTED CRIMINAL IN THE CUSTODY OF OHIO PRISONS, AND AT THE SAME TIME FAILS TO APPOINT COUNSEL TO PROSECUTE THE HEREIN APPEAL ON APPELLANT'S BEHALF, ESPECIALLY WHEN THIS COURT HAS APPOINTED COUNSEL TO PROSECUTE A RELATED APPEAL ARISING FROM THE SAME CASE IN THE TRIAL COURT.
 II. THE TRIAL COURT HAS VIOLATED THE APPELLANT'S RIGHTS TO DUE PROCESS AND EQUAL PROTECTION UNDER THE OHIO AND UNITED STATES CONSTITUTIONS BY COMMITTING THE APPELLANT TO A PSYCHIATRIC INSTITUTION WHEREIN THE APPELLANT, WHO HAS NEVER BEEN CONVICTED OF ANY CRIME, IS NOT PROVIDED ACCESS TO LEGAL REFERENCE MATERIALS AVAILABLE TO ALL OHIO PRISONS AND FAILING TO ORDER THE STATE OF OHIO, THE OHIO DEPARTMENT OF MENTAL HEALTH AND THE HOSPITAL TO WHICH THE TRIAL COURT COMMITTED THE APPELLANT AT THE APRIL 29, 1998 HEARING IN WHICH THE APPELLANT WAS FOUND NOT GUILTY BY REASON OF INSANITY, WHICH FINDING THE APPELLANT RENEWED HIS MOTION TO ON APRIL 30, 1999 WHICH MOTION THE TRIAL COURT DISMISSED ON MAY 3, 1999.
 III. THE TRIAL COURT VIOLATED THE APPELLANT'S RIGHTS TO DUE PROCESS AND EQUAL PROTECTION UNDER THE OHIO AND UNITED STATES CONSTITUTIONS BY DISMISSING THE APPELLANT'S RENEWAL OF HIS MOTION TO VACATE THE FINDING OF NOT GUILTY BY REASON OF INSANITY OF THE APPELLANT AT THE HEARING OF APRIL 29, 1998, ON MAY 3, 1999, WHICH FINDING THAT THE APPELLANT WAS NOT GUILTY BY REASON OF INSANITY WAS ENTERED WITHOUT OBTAINING FROM THE APPELLANT A WRITTEN WAIVER OF HIS RIGHT TO A JURY SIGNED BY THE APPELLANT AND CAUSING SAME TO BE FILED IN THE CAUSE AND MADE PART OF THE RECORD AS REQUIRED BY ORC § 2945.05, AND WITHOUT ACTING ON THE APPELLANT'S DISMISSAL OF HIS ATTORNEY ON THE BASIS OF IRRECONCILABLE DIFFERENCES AS TO HOW TO PROCEED IN THE UNDERLYING CASE IN THE TRIAL COURT FILED BY THE APPELLANT ON JUNE 2, 1997 AND REQUIRING THE APPELLANT TO BE OSTENSIBLY REPRESENTED BY INEFFECTIVE ASSISTANCE OF COUNSEL, AND WITHOUT PROVIDING THE APPELLANT THE ADVICE OF HIS RIGHTS UNDER AND REQUIRED BY ORC § 2945.40 (C) AND WITHOUT DETERMINING IN OPEN COURT WHETHER THE APPELLANT INTENDED TO EXERCISE THOSE RIGHTS AND PROVIDING THE APPELLANT THE OPPORTUNITY TO DO SO.
 IV. THE TRIAL COURT VIOLATED THE APPELLANT'S RIGHTS TO DUE PROCESS AND EQUAL PROTECTION UNDER THE OHIO AND UNITED STATES CONSTITUTIONS BY FAILING TO HEAR AND GRANT THE APPELLANT'S RENEWED MOTION TO VACATE THE TRIAL COURT'S FINDING AT THE APRIL 29, 1998 HEARING THAT THE APPELLANT WAS NOT GUILTY BY REASON OF INSANITY, ON APRIL 30, 1999, AND DISMISSING SAID RENEWED MOTION ON MAY 3, 1999, BECAUSE THE TRIAL COURT, ABSENT A WAIVER OF HIS RIGHT TO A JURY BY THE APPELLANT HAVE BEEN EXECUTED BY THE APPELLANT AND FILED IN THE UNDERLYING CASE AND MADE PART OF THE RECORD THEREOF, THE TRIAL COURT NEVER HAD, DOES NOT HAVE AND WILL NEVER HAVE JURISDICTION TO PROCEED WITH ANY HEARING TO DETERMINE WHETHER OR NOT THE APPELLANT WAS NOT GUILTY BY REASON OF INSANITY OR TO FIND THE APPELLANT NOT GUILTY BY REASON OF INSANITY.
 II.
In his third and fourth assignment of error, Wachtel attacks the validity of the trial court's finding that he was not guilty of violating R.C. 2903.11 (A) (1) because Wachtel was insane. Within this argument, Wachtel asserts that the trial court did not have jurisdiction to find him NGRI because the trial court did not comply with R.C. 2945.05.
We find that Wachtel is attempting to seek post-conviction relief ("PCR"). However, Wachtel may not seek PCR because he was not convicted; rather the trial court found Wachtel NGRI. R.C.2953.21 provides:
 A person who has been convicted of a criminal offense or who has been adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence * * * asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. * * *.
Thus, only persons convicted of a crime or adjudicated a delinquent child may petition for PCR.
Even if Wachtel was entitled to seek PCR, the matters that he seeks to appeal are res judicata. Wachtel did not file an appeal from the trial court's decision that found him NGRI. Because Wachtel did not appeal the trial court's finding that he was NGRI, all matters that could have been reviewed had an appeal been taken are now res judicata and are not appealable. See e.g.,In re Adoption of Greer (1994), 70 Ohio St.3d 293, fn. 1. See, also, State v. Pless (1996), 74 Ohio St.3d 333, paragraph two of the syllabus ("failure to comply with R.C. 2945.05 may be remedied only in a direct appeal from a criminal conviction").
Accordingly we overrule Wachtel's third and fourth assignments of error
 III.
In his first and second assignments of error, Wachtel argues that his constitutional rights to equal protection and due process are violated because the facility where he is institutionalized does not have a law library while all prisons and jails in Ohio are required to have a law library. Wachtel did not raise this issue in the trial court. Therefore, we decline to rule upon it. See, Realty v. Cleveland (1975), 41 Ohio St.2d 41,43; Lippy v. Society Natl. Bank (1993), 88 Ohio App.3d 33.
Furthermore, there is nothing in the record that indicates that Wachtel does not have access to legal materials. Our review of the record is limited to the original papers and exhibits filed in the trial court. App.R. 9 (A).
Accordingly, we must overrule Wachtel's first and second assignments of error and affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, J. and Harsha, J.: Concur in Judgment Only.
 _______________________________ Roger L. Kline, Presiding Judge
[1] The trial court apparently treated this motion as a motion for post-conviction relief instead of a motion for reconsideration, which is a nullity. See Pitts v. Dept. ofTransportation (1981), 67 Ohio St.2d 378, 379.