I respectfully dissent. The majority finds that appellant did not timely appeal the consent entry. I disagree. I express no opinion regarding the dicta found in the rest of the majority opinion.
I agree with the majority that the consent entry is a final appealable order. In re Adoption of Greer (1996), 70 Ohio St.3d 293, paragraph one of the syllabus. "However, pursuant to App.R. 4(B)(5), even though the court's judgment was a final appealable order, it is considered a `partial final judgment' that is appealable alternatively thirty days after the court renders a final order on all issues in the case." In reAdoption of Eblin (1998), 126 Ohio App.3d 774, 776, discretionary appeal allowed, In re Adoption of Eblin (1998), 82 Ohio St.3d 1482, cause dismissed for failure to prosecute, In re Adoption of Eblin (1998),83 Ohio St.3d 1454.[2] Consequently, I would find that appellant timely appealed the trial court's judgment.
Thus, I dissent.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the HIGHLAND COUNTY COURT OF COMMON PLEAS, PROBATE DIVISION, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion.
Kline, J.: Dissents with Dissenting Opinion.
FOR THE COURT
David T. Evans, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[2] This court decided this same issue in In re Adoption of Carter(Dec. 15, 1995), Gallia App. No. 95CA11, unreported. Our decision inCarter is in direct conflict with the Eblin case in the Third District. Iwas part of the majority in Carter that found that appellant had toappeal the consent judgment. However, I now agree with Judge Harsha'sconcurring opinion in Carter when he stated: "Because I believe App.R. 4(B)(5) * * * applies in this case, I cannot agree with the finding that the notice of appeal was late." I encourage the appellant to move this court to certify a conflict on this issue to the Ohio Supreme Court. See App.R. 25.