[Cite as *In re Y.D.*, 2017-Ohio-9254.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE: Y.D., Y.D., and Y.D.    :         APPEAL NO. C-170525
                                         TRIAL NO. F-13-1547z

                                            :

                                           *O P I N I O N.*

                                            :

Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  December 27, 2017

*Christopher P. Kapsal* for Appellant Mother,

*Raymond T. Faller,* Hamilton County Public Defender, and *Marjorie Davis,* Assistant Public Defender*,* Guardian ad Litem for Y.D., Y.D., and Y.D.

**MILLER, Judge.**

{¶1}   Mother appeals the trial court's judgment terminating her parental rights, and granting the Hamilton County Department of Job and Family Services ("HCJFS") permanent custody of Y.D. ("Ya.D."), Y.D. ("Yr.D.") and Y.D. ("Ye.D."). We agree with Mother that the issue of permanent custody was not properly before the trial court. We reverse and remand for further proceedings.

### Procedural Posture and Facts

{¶2}   HCJFS's involvement with these children began in 2013. Following allegations that the children's extended family members were physically and sexually abusive, the children were adjudicated dependent and placed in HCJFS's temporary custody. The children were eventually returned to Mother, with protective orders prohibiting her from allowing the children's grandmother or uncle to have contact with them. There was evidence that grandfather had been sexually abusive to family members, but Mother represented to the court that grandfather did not live in town and so the protective orders did not extend to him.

{¶3}   On April 22, 2015, after HCJFS learned that Mother was allowing her abusive family members to have access to her children, HCJFS filed a new complaint alleging that the children were abused and dependent. HCJFS requested that the court (1) grant temporary custody of the children to HCJFS, (2) award legal custody to a suitable relative, or (3) impose protective supervision orders. HCJFS later amended the complaint to add allegations that grandfather had slept in bed with Ya.D. and had touched her inappropriately.

{¶4}   Following a hearing, the magistrate adjudicated Ya.D. neglected and dependent, and adjudicated Yr.D. and Ye.D. dependent, finding that the children had almost daily contact with their abusive grandparents in the children's home. The

magistrate placed Ya.D. in the temporary custody of HCJFS. He returned Yr.D. and Ye.D. to their mother with protective orders prohibiting contact with the grandparents.

{¶5} The trial court rejected the magistrate's decision remanding custody of Yr.D. and Ye.D. to their mother. In its decision, the court detailed the rampant sexual and physical abuse attributed to the children's grandparents and uncle that had taken place in the children's home. The abuse had continued even after the court's protective orders prohibiting Mother from allowing the children to have contact with these family members. The trial court remanded the cause to the magistrate to take additional evidence, and (1) to issue a dispositional order or (2) "if the magistrate is satisfied now, based on evidence that the children will be safe in mother's care, the Magistrate may again order them returned to Mother." The court indicated that temporary custody might be the most appropriate choice, and that it might consider awarding permanent custody to HCJFS if requested.

{¶6} The magistrate conducted a dispositional hearing in accordance with the trial court's mandate. That same day, the children's guardian ad litem ("GAL") filed a motion to modify temporary custody to permanent custody for all three children.[1] The parties were aware that the hearing was not on the permanent custody motion, and was only on the scope of the remand, which related to the April 22, 2015 complaint. Further, the parties had not been properly served with the permanent custody motion.

{¶7} Mother and Mother's Catholic Charities counselor testified at the remanded dispositional hearing. Based on their testimony, the magistrate

---

[1] It is questionable whether the GAL had the authority to file for permanent custody. *See* R.C. 2151.413 (providing that a public children services agency or private child placing agency may move for permanent custody). Further, only Ya.D. was in the temporary custody of HCJFS.

determined that Mother would be able to keep her children safe. He therefore returned all three children to Mother's custody, and dismissed the GAL's motion to modify temporary custody to permanent custody.

{¶8} The GAL objected to the magistrate's decision arguing that the decision to return the three children to their Mother was against the manifest weight of the evidence and was not in the children's best interest.

{¶9} The trial court conducted a hearing on the objection, but took no further evidence. It found that all three children were at risk of sexual and physical abuse by members of Mother's extended family. The court also found that Mother had proven she was unable or unwilling to protect her children from these abusers, and that it was not in the children's best interest to be returned to Mother. The court awarded permanent custody of Ya.D., Yr.D. and Ye.D. to HCJFS.

## Mother's Due-Process Rights Were Violated

{¶10} In her first assignment of error, Mother contends that the trial court erred by awarding permanent custody of her children to HCJFS without affording her notice and an opportunity to be heard. Mother is correct.

{¶11} A parent's right to raise his or her child is an essential and basic civil right. *In re Murray*, 52 Ohio St.3d 155, 157, 556 N.E.2d 1169 (1990). Permanent termination of parental rights has been described as " 'the family law equivalent of the death penalty in a criminal case.' " *In re B.C.*, 141 Ohio St.3d 55, 2014-Ohio-4558, 21 N.E.3d 308, ¶ 19, quoting *In re Smith*, 77 Ohio App.3d 1, 16, 601 N.E.2d 45 (6th Dist.1991). Therefore, parents must be afforded every procedural and substantive protection the law allows. (Internal quotation and citation omitted.) *Id.*; *see* R.C. 2151.01(B) (R.C. Chapter 2151 should be construed to afford the parties a fair hearing, and to recognize and enforce their constitutional and other legal rights). To

4

this end, before the termination of parental rights, natural parents must be afforded notice and an opportunity to be heard. *In re Greer* 70 Ohio St.3d 293, 298, 638 N.E.2d 999 (1994), citing *Lehr v. Robertson*, 463 U.S. 248, 103 S.Ct. 2985, 77 L.Ed.2d 614 (1983); *see* R.C. 2151.414(A)(1) (a trial court must give notice and conduct a hearing before permanently divesting a parent of his or her parental rights).

{¶**12**}  Mother was not afforded these basic protections.  The trial court had before it only the GAL's objections to the magistrate's dispositional order from HCJFS's April 22, 2015 complaint.  The April 22, 2015 complaint did not request permanent custody.  *See* R.C. 2151.353(C) ("no order for permanent custody * * * shall be made unless the complaint alleging the abuse, neglect, or dependency contains a prayer requesting permanent custody."); *In re A.B.* 110 Ohio St.3d 230, 2006-Ohio-4359 852 N.E.2d 1187, syllabus (juvenile court cannot order disposition that has not been requested where request is required by statute).

{¶**13**} Because Mother's due-process rights were violated, we sustain Mother's first assignment of error. The trial court was without authority to award *permanent* custody of Ya.D., Yr.D. and Ye.D. to HCJFS, and we therefore reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

{¶**14**}  In her second assignment of error, Mother contends that the trial court's judgment terminating her parental rights was against the weight and the sufficiency of the evidence.  Resolution of Mother's first assignment of error renders this one moot, and we decline to address it.  *See* App.R. 12(A)(1)(c).

## Conclusion

{¶15} In sum, we reverse the trial court's judgment terminating Mother's parental rights and placing the children in the permanent custody of HCJFS, and we remand this cause for further proceedings consistent with the law and this opinion.

Judgment accordingly.

**CUNNINGHAM, P.J.,** and **DETERS, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.