OPINION
{¶ 1} Appellant, Heather Shargo, appeals from the judgment of the Trumbull County Common Pleas Court, Juvenile Division, which adopted a magistrate's decision denying her motion for change of custody. We affirm.
 {¶ 2} Appellant is the mother of Deborah Ann Shargo, d/o/b January 7, 1995. On October 20, 1999, the trial court granted temporary custody of Deborah to her maternal grandmother and paternal grandparents, Rosemary and Earl Gregory ("appellees").
 {¶ 3} Appellant filed a motion for return of custody on July 3, 2000. On November 29, 2000, the magistrate rendered a decision finding appellant to be unsuitable as a parent and granting legal custody of Deborah to appellees, paternal grandparents. The trial court adopted the magistrate's decision on December 1, 2000. Appellant did not prosecute an appeal from this judgment.
 {¶ 4} On March 28, 2001, appellant again filed a motion seeking custody of Deborah. The magistrate held a hearing on this motion on January 7, 2003. On February 7, 2003, the magistrate found that appellant had failed to demonstrate a substantial change in circumstances and therefore denied the motion. Appellant filed objections to the magistrate's decision. The trial court overruled appellant's objections and adopted the magistrate's decision by entry filed March 10, 2003. Appellant filed a timely notice of appeal asserting one assignment of error:
 {¶ 5} "The trial court erred in not addressing the issue of unsuitability of appellant since appellant had never been determined unsuitable requiring an award of custody to a non-parent."
 {¶ 6} In In re Perales (1977), 52 Ohio St.2d 89, the Ohio Supreme Court held:
 {¶ 7} "In an R.C. 2151.23(A)(2) child custody proceeding between a parent and a nonparent, the hearing officer may not award custody to the nonparent without first making a finding of parental unsuitability[,] that is, without first determining that a preponderance of the evidence shows that the parent abandoned the child, that the parent contractually relinquished custody of the child, that the parent has become totally incapable of supporting or caring for the child, or that an award of custody to the parent would be detrimental to the child." Id., at syllabus.
 {¶ 8} A review of the record shows that the magistrate determined in his November 29, 2000 decision that an award of custody to appellant would be detrimental to Deborah, and thus, that appellant was an unsuitable parent. In support of this finding the magistrate noted that appellees had been the primary care givers for Deborah since her birth, that appellant lived a transient lifestyle (living 15 places in the first 5 years of Deborah's life), and that appellant was unable to maintain steady employment. The magistrate complied with the requirement ofPerales in his November 29, 2000 decision. The trial court adopted this decision on December 1, 2000. Appellant failed to appeal this decision.
 {¶ 9} Further, appellant was only entitled to one unsuitability determination, i.e., she could not re-litigate this issue in her subsequent custody motions. As the Ohio Supreme Court stated in Hockstockv. Hockstock, 2002-Ohio-7208, 98 Ohio St.3d 238:
 {¶ 10} "* * * after the legal custody determination is made, the best-interest-of-the-child standard should be used for any custody modification petitions filed by a natural parent. A parent should be given only one unsuitability determination, which should come at the time of the legal custody hearing. After such a determination has established, or taken away, a parent's fundamental custodial rights, the focus must shift from the rights of the parents to the rights of the child. A child's rights are effectuated through the use of the best-interest-of-the-child standard for subsequent custodial modification requests." Id., at ¶ 38.
 {¶ 11} Appellant sole assignment of error is without merit and the judgment of the Trumbull County Common Pleas Court, Juvenile Division, is affirmed.
Ford, P.J., Christley, J., concur.