OPINION
{¶ 1} This is an appeal from an April 19, 2004, Agreed Judgment Entry fold on the Delaware County Court of Common Pleas, Domestic Relations Division.
 {¶ 2} Appellant is Michael T. Irwin.
 {¶ 3} Appellee is Cynthia C. Irwin
 {¶ 4} This case arises out of a divorce action commenced by Plaintiff-Appellant in the Delaware County Court of Common Pleas on December 19, 2001. Said Complaint for divorce was followed by the filing of Defendant-Appellee's Counterclaim for Divorce filed January 11, 2002. Plaintiff-Appellant then filed a First Amended Complaint for Divorce on Mach 1, 2002.
 {¶ 5} The parties, who are both attorneys, were legally married on October 24, 1980. One child was born as issue from this marriage. Dissolution of said marriage was filed on December 23, 1985. The parties, however, continued to live together.
 {¶ 6} Prior to the instant action, in 1992, Defendant-Appellee filed an action in Franklin County to establish a common law marriage and to seek a divorce. This matter was resolved by the filing of an Agreed Judgment Entry wherein Plaintiff-Appellant agreed that the parties were common law married. Based on such agreement, Defendant-Appellee filed a Civ. R. 41(A) dismissal of the action.
 {¶ 7} Defendant-Appellee re-opened the 1922 Franklin County case to test the validity of the Agreed Judgment Entry executed in 1992.
 {¶ 8} On May 29, 2003, the Franklin County Court declared the Agreed Judgment Entry invalid.
 {¶ 9} Based on said decision, Plaintiff-Appellant moved for dismissal of the instant action.
 {¶ 10} The trial court overruled said Motion to Dismiss and allowed Defendant-Appellee to attempt to establish a common law marriage for the time period of December, 1986, through October, 1991.
 {¶ 11} On March 28, 2003, an evidentiary hearing on the issue of Defendant-Appellee's lack of capacity to enter into a marriage with Plaintiff-Appellant was held before the Magistrate. Plaintiff-Appellant asserts that Defendant-Appellee was common law married to a man named David Townsend, now deceased.
 {¶ 12} The hearing was followed by the filing of post-hearing briefs.
 {¶ 13} On May 16, 2003, the Magistrate found that Plaintiff-Appellant failed to establish the existence of the alleged Defendant-Appellee's common law marriage to David Townsend.
 {¶ 14} On May 30, 2003, Plaintiff-Appellant filed Objections to the Magistrate's Decision.
 {¶ 15} On June 18, 2003, Plaintiff-Appellant filed a Motion for Judgment on the Pleadings.
 {¶ 16} On July 22, 2003, the Magistrate overruled Plaintiff-Appellant's Motion for Judgment on the Pleadings.
 {¶ 17} On July 30, 2003, Plaintiff-Appellant filed a Motion to Set Aside the Magistrate's Order.
 {¶ 18} By Entry filed October 8, 2003, the trial court overruled Plaintiff-Appellant's Motion to Set Aside the Magistrate's Order.
 {¶ 19} On October 20, 2003, Plaintiff-Appellant filed a Motion for Reconsideration, which the trial court overruled by Entry filed November 7, 2003.
 {¶ 20} On April 12, 2004, the divorce action was tried before the Magistrate, with testimony and evidence presented over the course of four days.
 {¶ 21} On April 16, 2004, the parties spent the day in negotiations in an attempt to reach a settlement of this matter.
 {¶ 22} The parties continued said negotiations on April 19, 2004, resulting in the parties arriving at a settlement which was memorialized in an Agreed Judgment Entry of Divorce. This Agreed Judgment Entry was acknowledged under oath, approved and signed before the Magistrate by both parties and their respective attorneys, approved by the trial court and filed with the Clerk of Courts.
 {¶ 23} On May 3, 2004, Plaintiff-Appellant filed Objections to Magistrate's Decision which stated an objection to "the Magistrate's Decision finding a common law marriage between the parties as embodied in the Judgment Entry Decree of Divorce filed herein on April 19, 2004."
 {¶ 24} On May 7, 2004, the trial court filed a Judgment Entry Dismissing Plaintiff's Objections and sua sponte imposing sanctions stating that the filing of said objections was frivolous in that "The Plaintiff, Michael T. Irwin, signed an Agreed Judgment Entry Decree of Divorce on April 19, 2004, which resolved all matters in this case."
 {¶ 25} Plaintiff-Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 26} "I. The Trial Court lacked jurisdiction to entertain Proceedings to establish a common law marriage.
 {¶ 27} "II. The Court erred in finding that defendant-appellee did not lack capacity to be common law married to Plaintiff-Appellant at the march/april 2003 "capacity hearings". Further, there was no judicial review.
 {¶ 28} "III. The Trial court erred in finding a common law Marriage between the parties by reason that appellee failed to Produce evidence on required elements thereof. Further, there was no judicial review."
 I., II., III. {¶ 29} In his assignments of error, Appellant argues that the trial court lacked jurisdiction in this matter, that the trial court erred in finding that Appellee had capacity to be common law married to him and again that the trial court erred in finding that a common law marriage existed between Appellant and Appellee.
 {¶ 30} Upon review, we find that Appellant entered into and signed an Agreed Judgment Entry Decree of Divorce in this matter on April 19, 2004, which states, inter alia:
 {¶ 31} "C. The duration of the parties' marriage is from December 29, 1986, until the final hearing hereof. * * *
 {¶ 32} "1. The Court has jurisdiction over the parties hereto and the subject mater hereof, and venue is proper in Delaware County, Ohio.
 {¶ 33} "16. All other matters herein pending between the parties, including any Objections, pending motions, and specifically Motions for Citation in Contempt of Court or for Sanctions Pursuant to Ohio Civ. R. 11, and all restraining orders issued herein, are hereby dismissed and held for naught."
 {¶ 34} Furthermore, a review of the transcript of the proceedings concerning the Agreement contains the following colloquy between the Court and Appellant:
 {¶ 35} "Q. And you've had an opportunity to review that Agreement, which is before you this afternoon and is set forth in the Agreed Judgment Entry and Decree of Divorce?
 {¶ 36} "A. I have.
 {¶ 37} "Q. Now, you understand that by signing this Agreement, you're giving up all rights of appeal; you understand that?
 {¶ 38} "A. I understand that.
 {¶ 39} "Q. Any error which you believe that the Court or counsel may have made is forever waived by signing this Agreement?
 {¶ 40} "A. I understand that.
 {¶ 41} "Q. And recognizing that, you still wish to have the Court adopt this Agreement and Make it an Order of this Court?
 {¶ 42} "A. Yes.
 {¶ 43} (4/19/04 T. at 3).
 {¶ 44} It is clear that Appellant has waived any error, if indeed there is error, in signing agreed judgment entry.
 {¶ 45} It is axiomatic that a party may not appeal a judgment to which it has agreed. Jackson v. Jackson (1865),16 Ohio St. 163, syllabus paragraph one; In re Annexation of Riveredge Twp.to Fairview Park (1988), 46 Ohio App.3d 29, 31-32.
 {¶ 46} Since we must reject all of Appellant's arguments, we hereby overrule his assignments of error and affirm the judgment of the trial court.
 {¶ 47} Accordingly, the judgment of the Delaware County Common Pleas Court is affirmed.
Boggins, J., Gwin, P.J. and Hoffman, J. concurs.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, Delaware County, Ohio, is affirmed. Costs assessed to Appellant.