DECISION.
{¶ 1} Defendants-appellants, Gordon and Linda Bailey, appeal various orders of the juvenile court relating to custody of and visitation with their daughter, Danielle Bailey. The Baileys had originally voluntarily placed Danielle with plaintiff-appellee, Alice Hempen. The court subsequently awarded custody of Danielle to Hempen, due to the Baileys' unsuitability as parents. The court also granted the Baileys supervised visitation, which has been fraught with problems. The Baileys have filed numerous motions related to custody and visitation and have filed several appeals. See In re Bailey, 98 Ohio St.3d 309, 2003-Ohio-859, 784 N.E.2d 109
(Bailey IV); In re Bailey, 1st Dist. Nos. C-010015 and C-010186, 2002-Ohio-3801 (Bailey III); In re Bailey (May 2, 2001), 1st Dist. No. C-990528 (Bailey II); In Re Bailey (Nov. 6, 1998), 1st Dist. No. C-970871 (Bailey I).
 {¶ 2} Danielle's guardian ad litem filed a motion to terminate visitation and a motion to suspend visitation pending a full hearing on the motion to terminate visitation. He stated that both he and Danielle's therapist believed that contact with her parents had been causing her emotional harm. Further, he stated that the Baileys had had unauthorized contact with Danielle outside of the court-scheduled visitation and that the Baileys or someone favorable to the Baileys' view of the case had initiated inappropriate conversations with Danielle, which had caused her emotional trauma regarding her placement.
 {¶ 3} After an expedited hearing, the magistrate suspended all visitation pending a full hearing on the merits of the guardian's motion to terminate visitation. She stated that "the court takes judicial notice of all its past entries and findings under this case number documenting its concerns over the child being able to protect herself physically and mentally from manipulation or abuse by the parents. Thus, the court finds that the child is at risk of imminent harm during visitation and any contact with the parents."
 {¶ 4} The matter continued in progress for many months, due to the filing of various motions and other interruptions. During this time, the court journalized an agreed entry stating that the Baileys had agreed that visitation would remain suspended subject to further review after specified time periods. Consequently, the magistrate set the case for further hearings. Despite the agreed entry, Gordon Bailey objected to the continuing suspension of visitation. Several months later, the court journalized another agreed entry that stated that visitation would remain suspended subject to the conditions in the entry, which included the Baileys participating in therapy.
 {¶ 5} Several months later, the magistrate issued a decision stating that "the court finds it is in the child's best interest to very slowly re-initiate regularly scheduled contact with the parents." The court then ordered the resumption of supervised visitation, subject to numerous conditions, including that the Baileys were responsible to pay the guardian ad litem's fees and any fees related to supervision. The Baileys filed objections to the magistrate's decision, particularly the requirement that they pay the fees. The juvenile court overruled those objections and adopted the magistrate's decision. The Baileys have appealed from that decision.
 {¶ 6} The Baileys also filed an emergency motion asking the court to remove Danielle from Hempen's custody and to give them custody. They alleged that Danielle was in imminent danger due to Hempen's habit of smoking in bed, which had caused a large fire that had resulted in substantial damage. The magistrate denied the motion. After the Baileys objected to the magistrate's decision, the juvenile court adopted the magistrate's decision. The Baileys have also appealed from that decision.
 {¶ 7} The Baileys present five assignments of error for review. In their first assignment of error, they allege that the juvenile court "erred by terminating visitation without due process or just cause." They argue that the evidence did not support the court's conclusion that the visits with her parents were harmful to Danielle. In their second assignment of error, they state that "[w]hen visitation was terminated indefinitely and hearings were strung out over two years before a decision was made, the trial court violated the rights of Due Process and Equal Protection of the Law guaranteed by the Fifth and Fourteenth
Amendments of the US Constitution." These assignments of error are not well taken.
 {¶ 8} The Baileys actually appealed from the order reinstating visitation. But in these assignments of errors, they take issue with the order suspending visitation, which they did not appeal. We question whether the order suspending visitation was a final appealable order that the Baileys should have appealed within thirty days. See In Re Ross,154 Ohio App.3d 1, 2003-Ohio-4419, 796 N.E.2d 6, ¶ 20. That order arguably affected a substantial right in a special proceeding, but it was also arguably interlocutory, subject to further order of the court. SeeBrooks v. Brooks (1996), 117 Ohio App.3d 19, 21-22, 689 N.E.2d 987;In re Boehmke (1988), 44 Ohio App.3d 125, 127-128, 541 N.E.2d 630;Eichar v. Eichar (Dec. 20, 1999), 5th Dist. No. 99 CA 11; In re Burton
(Aug. 20, 1999), 2nd Dist. Nos. 98CA76 and 98CA143; Varney v. Varney
(Oct. 23, 1997), 8th Dist. Nos. 70709 and 70710; In re Price (June 2, 1994), 8th Dist. No. 66002; In re Christian (July 23, 1992), 4th Dist. No. 1507.
 {¶ 9} But we need not reach that issue. All issues related to the order suspending visitation and the ensuing orders prior to the order reinstating visitation are now moot. The duty of a court of appeals is to decide controversies between parties by a judgment that can be carried into effect. An appellate court need not render an advisory opinion on a moot question or rule on a question of law that cannot affect matters at issue in a case. Thus, when, without the fault of either party, circumstances preclude an appellate court from granting effectual relief in a case, the mootness doctrine preludes consideration of those issues.State ex rel. Eliza Jennings, Inc. v. Noble (1990), 49 Ohio St.3d 71, 74,551 N.E.2d 128; Hamilton Cty. Comm. Mental Health Bd. v. Wells (Nov. 8, 1995), 1st Dist. No. C-940716.
 {¶ 10} In this case, we can grant no relief to the Baileys from the order suspending visitation and the intervening two-year delay. We cannot give them the time back to spend with their daughter. The trial court has already granted them the relief they seek, which is the resumption of visitation. Whether the conditions that the court has imposed effectively prevent visitation is a separate question, which we address in the Baileys' other assignments of error. The mootness doctrine precludes consideration of the issues raised in their first two assignments of error.
 {¶ 11} Further, the Baileys agreed in the agreed entries to the suspension of visitation pending certain events and, therefore, waived their objections regarding the suspension of visitation. See Irwin v.Irwin, 5th Dist. No. 04 CA-F-05-040, 2004-Ohio-6206, ¶ 30-45; Butler v.Butler, 4th Dist. No. 02CA2833, 2002-Ohio-5877, ¶ 9-10. Accordingly, we overrule the Baileys' first and second assignments of error.
 {¶ 12} In their third assignment of error, the Baileys state, "By refusing to hear our custody petitions over many years, and in the instant case, requiring us to agree in our Agreed Entry of December 18, 2002 that the purpose of the agreement is not to begin a plan of reunification with Danielle, and by requiring Mr. Bailey (then pro se) to withdraw his custody petition, filed January 29, 2003 in order to get a decision starting visitation, the Magistrate abused her discretion and violated the Due Process and Equal Protection of the Law Clauses of theFourteenth Amendment." They argue that they have a right to custody of their child, that they have not been given a chance to prove that they are fit parents, and that they are entitled to a reunification plan so they can regain custody of their child. This assignment of error is not well taken.
 {¶ 13} Parents who are suitable custodians have a paramount right to the custody of their children unless they forfeit that right by contract or abandonment, or by becoming totally unable to care for the children.Masitto v. Masitto (1986), 22 Ohio St.3d 63, 65, 488 N.E.2d 857. The Baileys voluntarily placed Danielle with Hempen, thus forfeiting their rights by contract. Id. at 65-66, 488 N.E.2d 857. "Parents may undoubtedly waive their right to custody of their children and are bound by an agreement to do so." Id. at 65, 488 N.E.2d 857.
 {¶ 14} When they subsequently sought to have custody returned to them, the juvenile court found that they were "unable, unfit, and unsuitable to parent at this time and in the foreseeable future due to their physical and emotional conditions." Thus, they also forfeited their rights by being unable to care for Danielle. In re Hockstok,98 Ohio St.3d 238, 2002-Ohio-7208, 781 N.E.2d 971, ¶ 14-24; Masitto,
supra, at 65-66, 488 N.E.2d 857.
 {¶ 15} In this assignment of error, the Baileys are rearguing custody issues that were decided long ago in previous appeals. As this court stated in the first appeal, "it is important to note that the Baileys' appeal does not challenge the propriety of the lower court's judgment awarding custody of Danielle to Alice Hempen. In that regard, the record is replete with substantial evidence supporting that judgment." BaileyI, supra.
 {¶ 16} Further, the Ohio Supreme Court, it its decision denying the Baileys' petition for a writ of habeas corpus stated, "The Baileys' own petition and its various attachments do not support any allegation of unlawful detention. Despite the Baileys' claims, Gordon initially agreed to Hempen's custody of Danielle in November 1996. Also, the award of custody was based on evidence of the Baileys' unfitness and unsuitability as parents. Subsequent suspensions of visitation were based on the Baileys' inappropriate sexual activity with Danielle and providing alcohol to her. Consequently, their own petition demonstrates that an award of custody would not be in the best interests of the child." BaileyIV, supra, at ¶ 12.
 {¶ 17} Parents are only entitled to one unsuitability determination.Hockstock, supra, at ¶ 38; Shargo v. Gregory, 11th Dist. No. 2003-T-0058, 2004-Ohio-3512, ¶ 10. Once a court makes an original award of custody, it will not modify that award unless a modification is "necessary to serve the best interest of the child." Masitto, supra, at 65, 488 N.E.2d 857. In this case, the record shows that even unsupervised visitation with the Baileys was not in Danielle's best interest. Certainly an award of custody to them was not in her best interest, and we do not believe that the juvenile court was required to consider the Baileys' numerous petitions for a change of custody in their attempt to relitigate an issue that had already been decided.
 {¶ 18} The Baileys also argue that they were entitled to a reunification plan. R.C. 2151.412(A) requires public children services agencies or certified private child placing agencies as defined in R.C.2151.011(A)(4) to prepare case plans for all children with whom the agencies are working. 2 Ohio Family Law (2003), Section 17.1. Thus, the statute only requires a reunification plan in cases where a state agency is involved. Further, a private custody action under R.C. 2151.23(A)(2) need not comply with the statutory provisions relating to delinquent, neglected, or dependent children. In re Perales (1977), 52 Ohio St.2d 89,369 N.E.2d 1047; Spike, Ohio Family Law and Practice (1997), Section 65.17. Since this is a private custody case under R.C. 2951.23(A)(2) and3109.04, no reunification plan is required.
 {¶ 19} The Baileys contend that the court required them to agree in the agreed entry that the purpose of the agreement was not to begin a reunification plan, and that the court also required Gordon Bailey to withdraw a custody petition to get a decision resuming visitation. The record does not support these contentions. A reviewing court cannot decide an appeal on the basis of matters outside the record. In reContested Election of November 2, 1993, 72 Ohio St.3d 411, 413,1995-Ohio-16, 650 N.E.2d 859; Firstar Bank, N.A. v. First Serv. TitleAgency, Inc., 1st Dist. No. C-030641, 2004-Ohio-4509, ¶ 7. Even if these events occurred, neither was prejudicial to the Baileys since they were not entitled to a reunification plan or to keep relitigating the custody issue.
 {¶ 20} Finally, the Baileys contend that this disparity of requiring a reunification plan in dependency, neglect, and abuse cases where a state agency is involved, but not in private custody cases, violates their rights to due process and equal protection. We disagree.
 {¶ 21} Dependency, neglect, and abuse proceedings are governed by an entirely different statutory scheme than private custody proceedings under R.C. 2151.23(A)(2). In re D.R., 153 Ohio App.3d 156,2003-Ohio-2852, 792 N.E.2d 203, ¶ 10; In re Gales, 10th Dist. Nos. 03AP-445 and 03AP-446, 2003-Ohio-6309, ¶ 8. The purpose for the statutory requirement of reunification plans in dependency, neglect, and abuse cases is to combat "institutional indifference" and to reduce "inattentiveness and inaction on the part of Ohio's child welfare agencies toward children in their custody." Ohio Family Law, supra, at Section 17.1. Private custody proceedings do not implicate this concern.
 {¶ 22} Additionally, we perceive a fundamental difference between proceedings instituted by the state to terminate or limit parental rights and a case where the parents have forfeited their parental rights. They do not involve people under like circumstances. Since this is not a case where similarly situated individuals have been treated differently, the difference in treatment did not violate the Equal Protection Clause. SeeConley v. Shearer, 64 Ohio St.3d 284, 288-289, 1992-Ohio-133,595 N.E.2d 862; In re B.L., 10th Dist. No. 04AP-1108, 2005-Ohio-1151, ¶ 16.
 {¶ 23} Further, while parents have a constitutionally protected interest in the care, custody, and management of their children under the Due Process Clause, this right is not absolute. In re Murray (1990),52 Ohio St.3d 155, 157, 556 N.E.2d 1169; State ex rel. Heller v. Miller
(1980), 61 Ohio St.2d 6, 8-10, 399 N.E.2d 66; In re B.L., supra, at ¶ 7. A parent's rights are always subject to the ultimate welfare of the child. In re Cunningham (1979), 59 Ohio St.2d 100, 106, 391 N.E.2d 1034;In re B.L., supra, at ¶ 7. The record demonstrates that it is not in Danielle's best interest for the Baileys to have custody of her. The Baileys have had opportunities to be heard on this issue, and they have not been denied their right to due process. See In re Adoption of Holt
(1991), 75 Ohio App.3d 450, 452, 599 N.E.2d 812. Accordingly, we overrule their third assignment of error.
 {¶ 24} In their fourth assignment of error, the Baileys argue that the juvenile court erred in ordering the resumption of visitation subject to numerous conditions. They argue that the conditions are onerous and unjustified and that they effectively deny them the right to visitation. This assignment of error is not well taken.
 {¶ 25} R.C. 2151.23(F) states that the juvenile court shall exercise its jurisdiction in child-custody matters in accordance with R.C. Chapter 3109, which governs domestic relations cases. R.C. 3109.051 governs the modification of parenting time or visitation rights. Bratz v. Bratz,85 Ohio St.3d 40, 44-45, 1999-Ohio-203, 706 N.E.2d 1218. It requires that court orders that address visitation be "just and reasonable." Ross,
supra, at ¶ 5. In modifying visitation rights, a court must determine whether a change in the visitation order is in the child's best interest, and it must consider the facts set forth in R.C. 3109.051(D) in making this determination. Bratz, supra, at 44-45, 1992-Ohio-203, 796 N.E.2d 1218; Ross, supra, at ¶ 5. The trial court has broad discretion in modifying visitation rights. This includes the power to restrict the time and place of visitation, to determine the conditions under which visitation will occur, and to deny visitation altogether if it would not be in the child's best interest. Ross, supra, at ¶ 5;Hoppel v. Hoppel, 7th Dist. No. 03 CO 56, 2004-Ohio-1574, ¶ 15.
 {¶ 26} In this case, the requirement of supervised visitation and the numerous rules imposed on visitation were justified by the history of the case. See Bailey IV, supra, at ¶ 1-4 and 12; Bailey III, supra, at ¶ 2-11; Bailey II, supra. The trial court's decision to impose those conditions was not so arbitrary, unreasonable, or unconscionable as to connote an abuse of discretion. See Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 218, 450 N.E.2d 1140; Ross, supra, at ¶ 5-6.
 {¶ 27} The Baileys also argue that the trial court erred by requiring them to pay supervision fees and the guardian ad litem's fees. They claim that paying the fees has caused them "catastrophic financial difficulties" and has prevented them from engaging in various activities with their daughter.
 {¶ 28} The court had previously determined that the Baileys had income and some ability to pay fees. In fact, they have been paying the guardian ad litem's fees throughout the case. Since that determination had already been made, the Baileys needed to present some evidence regarding their income and expenses to prove their contention that they could not afford the fees. Under the circumstances, we cannot hold that the trial court's requirement that they pay the fees was so arbitrary, unreasonable, or unconscionable as to connote an abuse of discretion. See Blakemore,
supra, at 218, 450 N.E.2d 1140; Ross, supra, at ¶ 5-6. Accordingly, we overrule the Baileys' fourth assignment of error.
 {¶ 29} In their fifth assignment of error, the Baileys contend that the trial court erred in overruling their emergency motion for a change of custody. They moved the court to "remove Danielle from Alice Hempen's care immediately and return her to our custody. She is in imminent danger due to Ms. Hempen's habit of smoking in bed and the fire which occurred as a result[.]" They argue that the court did not fully investigate the severity of the fire and failed to protect Danielle when it took no action following the fire that was caused by Hempen's smoking in bed. This assignment of error is not well taken.
 {¶ 30} Juv.R. 13(D) permits an ex parte emergency order "where it appears to the court that the interest and the welfare of the child require that action be taken immediately." In this case, the juvenile court had no evidence before it to justify the issuance of an ex parte order. Nothing in the Baileys' motion or supporting affidavit showed that Danielle's interest and welfare required immediate action. To the contrary, the Baileys' motion was not filed until twenty days after the fire. The guardian ad litem and the court were aware of the fire, and the court's finding that it did not constitute a change of circumstances sufficient to warrant a change of custody was not an abuse of discretion. See In re McDowell (Mar. 31, 1988), 8th Dist. No. 54618; Inre Reeder (Feb. 16, 1986), 12th Dist. Nos. CA84-10-034 and CA85-03-009.
 {¶ 31} Further, the court could easily have determined that the Baileys' emergency motion was simply another attempt to relitigate custody, which they were not entitled to do. See Hockstock, supra, at ¶ 38; Shargo, supra, at ¶ 10. Under the circumstances, the trial court did not abuse its discretion in overruling the Baileys' motion. We overrule their fifth assignment of error and affirm the trial court's judgment.
Judgment affirmed.
Doan, P.J., Hildebrandt and Gorman, JJ.