[Cite as *In re A.J.*, 2013-Ohio-5737.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   99881

## IN RE:   A.J. (A.K.A. A.R.)
## A Minor Child

[Appeal By D.J.R., Father]

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No.   SU 10721470

**BEFORE:**   Boyle, P.J., Keough, J., and Kilbane, J.
**RELEASED AND JOURNALIZED:**   December 26, 2013

**FOR APPELLANT FATHER**

D.J.R., pro se
7800 Dorothy Avenue
Parma, Ohio   44129

**FOR APPELLEE MOTHER**

J.J.J., pro se
13614 Courtland Avenue
Cleveland, Ohio   44111

William Weston
Guardian Ad Litem
20545 Center Ridge Road
Suite 424
Rocky River, Ohio   44116

MARY J. BOYLE, P.J.:

{¶1} Plaintiff-appellant, D.J.R. ("father"), appeals the trial court's order denying father's motion to set aside the magistrate's pretrial order and adopting the magistrate's decision, whereby the trial court upheld mother's weekly parenting time. As part of the order, the trial court adopted the magistrate's recommendation allowing mother's scheduled Sunday parenting time at Safe and Sound to be changed to an alternative day of the week that Safe and Sound could accommodate. We find no merit to the appeal and affirm.

Procedural History and Facts

{¶2} This case involves a long protracted history, originating with father's challenge of an administrative decision establishing paternity and an order to pay child support. The relevant history for this appeal, however, begins in January 2013. At that time, the parties agreed to a shared parenting plan for their minor child, A.R., born May 22, 2010. The agreement divided holidays between the parties and provided that "Mother shall have parenting time with said minor child every Sunday from 8:00 a.m. until 5:30 p.m." The agreement further provided the following: "When mother receives her own independent residence, parties shall agree to increase mother's regular parenting time."

{¶3} On February 8, 2013, following the magistrate's recommendation, the trial court adopted the parties' agreement as an order of the court, finding that the terms of the agreement were in the best interest of the child. Two and one-half weeks later, father filed a "motion to suspend visitation and motion to void agreement." Father sought to

"void" the agreement after A.R. had allegedly been returned with a bruise on his forehead after a visit with his mother and maternal grandmother.

{¶4} The magistrate held a hearing on the motion and ultimately recommended denying the motion but ordering that "Mother's visitation to take place at Safe and Sound ONLY" and that "[p]arties to contact Safe and Sound to schedule Sunday visitation."[1] Neither party objected to the order. On March 28, 2013, the trial court approved and adopted the magistrate's recommendation, denying father's "motion to void the agreement," but ordering that mother's visitation take place at Safe and Sound. Neither party appealed the decision.

{¶5} On April 9, 2013, the magistrate issued the following order after being contacted by Safe and Sound:

> The Court has been notified by Safe and Sound that they cannot accommodate a visit with the mother and child on Sundays and requested this Court permit them to schedule the visit on an alternative day.
>
> The Court finds it is in the child's best interest to have a visit with his mother weekly.
>
> It is furthered ordered that: Mother is to have weekly visitation with the child at Safe and Sound. Day of visit to be determined by Safe and Sound based on when they can accommodate the visit.

{¶6} Father subsequently filed a motion to set aside this order, arguing that the order violated his due process rights. He also filed an affidavit in support of his motion, emphasizing that he previously agreed to Sunday visitation because he could transport

---

[1] Safe and Sound is a domestic violence center that hosts supervised visitation.

A.R. on that day without disrupting his work schedule. Father further stated the following:

> I feel that my Civil Rights will [sic] have been violated if this Order is allowed to stand. If Safe and Sound could not accommodate a Sunday visitation schedule, it is the responsibility of [mother's] attorney, Adam Baker, to file a motion with the Court to move for a modification of the Order and Judgment Entry because that is his duty. Magistrate Hilow has acted on behalf of [mother], in connection with [Safe and Sound] to make a change to a previously agreed upon visitation schedule behind closed doors to benefit [mother]. I had no opportunity to be heard before the Court, and the appropriate protocol was not used.

{¶7} The trial court subsequently denied father's motion to set aside and adopted the magistrate's decision, ordering mother to have weekly visitation with the child at Safe and Sound. From that decision, father now appeals, raising the following six assignments of error:

> I. The trial court erred and abused its discretion by sua sponte modifying the Judgment Entry of 3/28/2013.

> II. The trial court erred and abused its discretion by acting on behalf of the Defendant in sua sponte modifying the Judgment Entry of 3/28/2013.

> III. The trial court erred and abused its discretion by granting authority over the parties in the proceedings to a domestic violence center for the purpose of establishing a visitation schedule.

> IV. The trial court erred and abused its discretion by violating Mr. [D.J.R.'s] due process rights.

V. The trial court erred and abused its discretion by modifying the Judgment Entry without scheduling a hearing or presenting any opportunity to any of the parties to be heard.

VI. The trial court erred and abused its discretion by finding that weekly visitation was in the best interest of the minor child with no evidence to support such a finding.

{¶8} For ease of discussion, we will address father's assignments of error out of order and together where appropriate.

## Best Interest of the Child

{¶9} In his sixth assignment of error, father argues that the trial court abused its discretion in finding that weekly visitation was in the best interest of the child. He contends that the trial court had no evidence before it to reach such a finding. We find father's argument misplaced.

{¶10} R.C. 2151.23(F) states that the juvenile court shall exercise its jurisdiction in child-custody matters in accordance with R.C. Chapter 3109, which governs domestic relations cases. R.C. 3109.051 governs the modification of parenting time or visitation rights. *Braatz v. Braatz*, 85 Ohio St.3d 40, 44-45, 706 N.E.2d 1218 (1999). It requires that court orders that address visitation be "just and reasonable." *In re Bailey*, 1st Dist. Hamilton Nos. C-040014 and C-040479, 2005-Ohio-3039, ¶ 25. "In modifying visitation rights, a court must determine whether a change in the visitation order is in the child's best interest, and it must consider the facts set forth in R.C. 3109.051(D) in making this determination." *Id.*

{¶11} A trial court has broad discretion with regard to modification of visitation so long as its orders are in the best interests of the child. *In re Bailey*, ¶ 25, citing *Braatz* at 44-45. We therefore will not disturb a trial court's ruling absent an abuse of discretion. "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. *In re C.K.*, 2d Dist. Montgomery No. 25728, 2013-Ohio-4513, ¶ 13, citing *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 482 N.E.2d 1248 (1985). A decision is unreasonable if there is no sound reasoning process that would support that decision. *Id.,* citing *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 553 N.E.2d 597 (1990).

{¶12} The record reveals that the issue of mother's weekly visitation was heard at the hearing on father's motion to suspend visitation and "motion to void" the parties' shared parenting plan. The trial court ultimately adopted the magistrate's decision and concluded that weekly visitation should continue. Father *never* appealed that decision, and we have no transcript of that proceeding before us. Father cannot now untimely attack that decision through the instant appeal of an order changing the designated day for weekly visitation. *See* App.R. 4(A) (appeal must be filed 30 days from the order appealed from).

{¶13} The sixth assignment of error is overruled.

## Court's Authority

{¶14} In his first assignment of error, father argues that the trial court lacked authority to modify its earlier order of March 28, 2013, which ordered mother's parenting

time to occur at Safe and Sound and the "[p]arties to contact Safe and Sound to schedule Sunday visitation." He contends that the trial court lacked authority to issue the subsequent order allowing the parenting to occur on an alternative day other than Sunday.

{¶15} In support of his argument, father relies on *In re W.R.P.*, 8th Dist. Cuyahoga No. 99010, 2013-Ohio-702, for the proposition that the juvenile court cannot sua sponte vacate a final judgment. In that case, this court held that the juvenile court had no authority to sua sponte vacate its prior judgment entry of contempt. *Id.* at ¶ 9. We find, however, that *In re W.R.P.* is not controlling and is distinguishable from this case.

{¶16} Here, the trial court did not sua sponte vacate a final judgment. The trial court merely carried its earlier order into effect, honoring the best interest of the child and the parties' agreed weekly parenting time with mother. Indeed, "[o]nce the juvenile court has exercised jurisdiction over a child, the court has continuing jurisdiction to determine what is in the best interests of the child." *In re E.Z.H.*, 5th Dist. Holmes No. 12CA015, 2013-Ohio-3494, ¶ 18. The juvenile court's paramount concern is always the best interest of the child. And while father clearly believes that any other day than Sunday is an inconvenience to his schedule, that is irrelevant to the ultimate issue of the best interest of the child.

{¶17} Notably, the trial court's order does not preclude Sunday visitation. Instead, the award addresses the practical concern that if Sunday visitation is not available at Safe and Sound, then another day shall be chosen.

{¶18} We find no basis to conclude that the trial court has abused its discretion in this case. To the contrary, we find that the trial court reasonably exercised its discretion to uphold the mother's one day of parenting time with child.

{¶19} The first assignment of error is overruled.

## Failing to Act Impartially

{¶20} In his second assignment of error, father argues that the magistrate improperly acted on behalf of mother by issuing the order of April 9, 2013. He contends that such an order only served the purpose of facilitating visitation and that mother should have had to wait until Sunday visitation became available. According to father, "Sunday [visitation] was never impossible with Safe and Sound, only unavailable at the time."

{¶21} But the juvenile court's primary concern is not the father or mother — it is the child. We find no merit to father's claim that the magistrate was acting on behalf of mother. Instead, the record reveals that the magistrate, and subsequently the trial judge, were acting on behalf of the child.

{¶22} The second assignment of error is overruled.

## Transfer of Jurisdiction

{¶23} In his third assignment of error, father argues that the juvenile court impermissibly transferred jurisdiction of the case to Safe and Sound by allowing Safe and Sound to determine the day of visitation. We find this argument to have no merit. There is no evidence in the record that the juvenile court "transferred" jurisdiction to Safe and Sound. To the extent that the court ordered that mother's one day of visitation be

consistent with a day that Safe and Sound can accommodate, we do not find this to be a transfer of the court's authority.

**{¶24}** The third assignment of error is overruled.

### Due Process and Hearing

**{¶25}** In his fourth and fifth assignments of error, father argues that his due process rights were violated because "the proper procedure was not followed in the issuance of the 4/9/2013 order." He argues that he was denied any opportunity to be heard because the trial court never held a hearing. We fail to see how father's due process rights were violated. As part of its April 9, 2013 order, the magistrate specifically instructed the parties to file a motion to set aside the order in accordance with Civ.R. 53(D)(2)(b) if they wished to challenge the order. The trial court then separately heard the father's motion to set aside and ultimately denied it. Father had an opportunity to be heard through his motion, which the trial court separately considered and rejected.

**{¶26}** The fourth and fifth assignments of error are overruled.

**{¶27}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MARY J. BOYLE, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MARY EILEEN KILBANE, J., CONCUR