[Cite as *In re I.A.G.*, 2016-Ohio-3326.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103656**

# IN RE: I.A.G.
# A Minor Child

[Appeal By T.B., Mother]

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. CU10116900

**BEFORE:** E.T. Gallagher, P.J., Stewart, J., and Boyle, J.

**RELEASED AND JOURNALIZED:** June 9, 2016

**FOR APPELLANT**

T.B., pro se
15457 Brewster Rd.
Cleveland, Ohio 44112


**ATTORNEY FOR APPELLEE**

Mark S. O'Brien
Heights Medical Center Bldg.
2460 Fairmount Blvd., Suite 301B
Cleveland Heights, Ohio 44106

**Also Listed**

**Guardian Ad Litem**

William Daugherty
P.O. Box 771126
Lakewood, Ohio 44107

EILEEN T. GALLAGHER, P.J.:

**{¶1}** Appellant-mother ("Mother"), appeals from the judgment of the Cuyahoga County Court of Common Pleas, Juvenile Division, which modified appellee-father's ("Father"), visitation schedule with the parties' minor child, I.A.G. Mother raises the following five assignments of error for our review:

> 1. The trial court erred to the prejudice of appellant-mother when it reallocated parental rights and responsibilities.
>
> 2. The trial court erred when it reallocated parental rights and responsibilities to shared parenting in its September 21, 2015 order as this change was against the sufficiency and manifest weight of the evidence.
>
> 3. The trial court abused its discretion in failing to conduct a hearing on guardian ad litem fees as provided by Local Rule 17.
>
> 4. The trial court abused its discretion when it removed Sheila Sexton, guardian ad litem without cause.
>
> 5. The trial court erred when it dismissed in its final judgment and absent a hearing, Mother's contempt motion against Father for his failure to comply with her properly served request for discovery.

**{¶2}** After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural History

**{¶3}** Mother and Father are the parents of the minor child, I.A.G., born November 22, 2005. Mother resides in Cleveland, Ohio. Father resides in Kansas City, Missouri.

**{¶4}** On September 27, 2011, the trial court issued a judgment entry, designating

Mother as the custodial and residential parent of the child and awarding Father "liberal visitation" rights. With respect to Father's visitation schedule, the court stated that Father is entitled to parenting time with the child, in Kansas City, as follows (1) no less than four extended five-day visits per quarter, from Thursday evening, as early as possible, through the following Tuesday, late afternoon; (2) the child's entire Christmas break in odd years; (3) the child's entire Thanksgiving break in even years; (4) four weeks of summer vacation (more when the child is older); and (5) other holidays and days of special meaning in accordance with the court's regular visitation schedule. The court stated that "expenses of said visitation shall be shared equally by Mother and Father." In addition, the court ordered Mother "to cooperate and facilitate said visitation," indicating that her "failure to do so would result in sanctions which could include the loss of her residential parent status."

{¶5} On August 14, 2014, Mother filed a "motion to modify the parenting schedule," requesting the trial court to modify the terms of its September 27, 2011 judgment entry in order to eliminate the child's visitation to Kansas City during the school year. Mother argued that visitation to Kansas City during the school year caused the child to miss numerous days of school and negatively affected her school work.

{¶6} In October 6, 2014, Father filed a cross-motion to modify custody and visitation. Father's motion requested the trial court to amend the terms of its custody order by (1) setting a definitive schedule for visitation, (2) affording him extended

visitation rights, and (3) requiring Mother to reimburse Father for her share of the child's travel expenses. In his motion, Father alleged that Mother regularly fails to cooperate in good faith with the visitation schedule, causing him to incur unnecessary travel expenses.

{¶7} The matter came before the trial court on July 1, 2015, and August 25, 2015. As agreed upon by the parties, the trial was limited to the resolution of the following issues:

1. Establish a firm, understandable parenting time/visitation plan for the parties to follow;

2. Reaffirm the duty of each parent to see that the child completed homework assignments when in their care;

3. Establish a firm and understandable plan for making transportation arrangements;

4. Establish a firm and understandable plan for the payment of any reimbursement necessary as a result of visitation travel;

5. Outline a phone contact plan for the parties to follow when calling the minor child; and

6. Encourage the parties to use a specific name when referring to the child with family and friends.

{¶8} At trial, testimony was taken from Mother and Father. Throughout the proceedings, Mother expressed concerns regarding Father's failure to monitor the child's school work during visits, Father's failure to facilitate travel arrangements in compliance with previous court orders, Father's failure to compensate Mother for his share of past travel expenses, and Father's failure to make child support payments. Similarly, Father testified that Mother routinely interfered with his ability to facilitate the child's travel

arrangements. He further argued that he was entitled to additional visitation days pursuant to the trial court's original custody decree, which stated that he would be entitled to more visitation as the child got older.

{¶9} In addition, the guardian ad litem submitted his report to the trial court, recommending, among other things, that the court (1) adopt a shared parenting plan with Mother acting as residential parent for school purposes, and (2) modify the parties' visitation schedule in order to extend Father's parenting time, while simultaneously limiting travel that interferes with the child's schooling.

{¶10} On September 21, 2015, the trial court issued a judgment entry, which modified the terms of the original visitation schedule. The judgment entry provided, in pertinent part:

> 1. A Shared Parenting Plan (with Mother designated Residential Parent for School Enrollment Purposes) would probably be in the child's best interest. For a Shared Parenting Plan to be successful, both parties must work and communicate together. If the parties can agree on a Shared Parenting Plan the Court will be delighted to consider its adoption.

2. Until further Order of the Court, the Parties will have the following parenting time:

> a. Spring Break. Father gets the first 10 days of the break period beginning the day after the last day of school. Mother shall have her parenting time the last 7 days of the break period.
>
> b. Summer Break. In 2016, Father will have 6 weeks in two 3 week increments. The first to begin the Wednesday before Father's Day. Then Mother shall have two weeks of parenting time followed by Father's final three week parenting time.
>
> In 2017 and beyond, if Father has complied with all Court Orders regarding custody and visitation, he will have 7 weeks of parenting time. He will have a 4 week increment of parenting time to begin the Wednesday before

Father's Day. Mother will then have two weeks of parenting time followed by Father's final three week block.

c. The child's Thanksgiving break on off number years beginning on the Wednesday before Thanksgiving until the Sunday following Thanksgiving.

d. The child's Christmas break on even numbered years beginning the first day of the break and lasting until January 2nd on the following year.

3. The non-possessory parent shall be responsible for arranging the child's flight as well as arranging a person necessary to accompany the child on her flights. Itineraries shall be exchanged no later than 7 days prior to the date of the scheduled flight.

4. There shall be no travel curfew when the child is accompanied by an adult.

5. Father shall reimburse Mother for his portion of any past travel fees.

{¶11} Mother now appeals from the trial court's September 21, 2015 judgment entry.

## II. Law and Analysis

### A. Modification of Visitation Schedule

{¶12} In her first assignment of error, Mother argues the trial court erred by reallocating parental rights and responsibilities. In her second assignment of error, Mother argues the trial court's reallocation of parental rights and responsibilities was against the sufficiency and manifest weight of the evidence. Because these assignments of error are related, we address them together.

{¶13} Within her first and second assignments of error, Mother collectively argues the trial court erred by modifying its September 27, 2011 custody decree, which named her as the sole residential parent and legal custodian of the minor child, to a shared parenting plan absent a "change in circumstances." Mother's argument relies on R.C.

3109.04(E)(1)(a), which governs the modification of parental rights and responsibilities. However, despite Mother's concerns, our review of the trial court's September 21, 2015 judgment entry clearly indicates that the trial court did not adopt a shared parenting plan. In fact, the trial court expressly declined to impose a shared parenting plan until the parties could agree to the terms of such a plan in the future.

{¶14} Accordingly, we find no merit to Mother's suggestion that the trial court improperly instituted a shared parenting plan. Mother remains the sole residential parent and legal custodian of the minor child and our review is limited to the trial court's modification of Father's visitation schedule.

{¶15} R.C. 3109.051 governs the modification of parenting time or visitation rights. *Braatz v. Braatz*, 85 Ohio St.3d 40, 44-45, 706 N.E.2d 1218 (1999). It requires that court orders that address visitation be "just and reasonable." *In re Bailey*, 1st Dist. Hamilton Nos. C-040014 and C-040479, 2005-Ohio-3039, ¶ 25. "The party requesting a change in visitation rights need make no showing that there has been a change in circumstances in order for the court to modify those rights." *Id.* "Under R.C. 3109.051, a trial court is permitted to modify visitation rights if it determines that the modification is in the child's best interest." *Lisboa v. Lisboa*, 8th Dist. Cuyahoga No. 92321, 2009-Ohio-5228, ¶ 11; *see also In re A.J.*, 8th Dist. Cuyahoga No. 99881, 2013-Ohio-5737, ¶ 10. In determining whether a modification is in the child's best interest, the court is guided by the factors set forth in R.C. 3109.051(D), including:

(1)   The prior interaction and interrelationships of the child with the child's parents, siblings, and other persons related by consanguinity or affinity, and with the person who requested companionship or visitation if that person is not a parent, sibling, or relative of the child;

(2)   The geographical location of the residence of each parent and the distance between those residences, and if the person is not a parent, the geographical location of that person's residence and the distance between that person's residence and the child's residence;

(3)   The child's and parents' available time, including, but not limited to, each parent's employment schedule, the child's school schedule, and the child's and the parents' holiday and vacation schedule;

(4)   The age of the child;

(5)   The child's adjustment to home, school, and community;

* * *

(10)   Each parent's willingness to reschedule missed parenting time and to facilitate the other parent's parenting time rights, and with respect to a person who requested companionship or visitation, the willingness of that person to reschedule missed visitation;

* * *

(13)   Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

(14)   Whether either parent has established a residence or is planning to establish a residence outside this state;

(16)   Any other factor in the best interest of the child.

R.C. 3109.051(D).

{¶16} An appellate court reviews a trial court's decision with respect to visitation with deference and will reverse only if the trial court abused its discretion. *King v. King*, 78 Ohio App.3d 599, 605 N.E.2d 970 (12th Dist.1992). The term "abuse of discretion" implies that the court's attitude is

unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶17} Applying the relevant factors to the facts of this case, we believe the trial court properly determined that a visitation modification was in the best interest of the child. As addressed in the guardian ad litem's recommendation and report, the nature of Mother's and Father's deteriorated relationship required a more definitive and practical visitation schedule in order to avoid future disagreements and litigation on issues relating to the facilitation of the child's travel and the associated expenses.

{¶18} Moreover, we find that the trial court's modification of the original visitation schedule sought to properly appease the issues raised by both Mother and Father in their competing motions to modify visitation. Specifically, the trial court developed a visitation schedule that extends the duration of each visit with Father, while simultaneously satisfying Mother's request to eliminate visitation time that interrupts the child's schooling. In our view, the trial court's modification not only serves the child's best interests, but also serves the best interests of Mother and Father. As expressed by the guardian ad litem, the modified visitation schedule provides Father with more quality visits and limits the number of flights the child is required to make each year, which in turn, limits the number of potential conflicts between Mother and Father. In addition, the trial court's order provides express instructions regarding the responsibilities of Mother and Father in facilitating the child's travel in order to address and rectify many of the points of contention raised by Mother and Father at trial.

{¶19} Accordingly, we cannot say that the trial court abused its discretion in deciding that it was in the best interest of the child to modify the terms of the visitation schedule.

{¶20} Mother's first and second assignments of error are overruled.

## B. Guardian ad Litem Fees

{¶21} In her third assignment of error, Mother argues the trial court abused its discretion by failing to conduct a hearing on guardian ad litem fees as provided by Juv.R. 17.

{¶22} When reviewing a trial court's order regarding compensation to a guardian ad litem, an appellate court applies the abuse of discretion standard of review. *Longo v. Longo*, 11th Dist. Geauga No. 2013-G-3175, 2014-Ohio-4880, ¶ 18.

{¶23} Juv.R. 17(B)(4) provides in pertinent part:

(e) Upon motion for Guardian ad litem fees to be paid by the parties, the Court shall conduct a hearing to determine 1) the amount of time the Guardian ad litem has expended to represent the best interests of the child; 2) whether the time and services rendered were reasonable and necessary in the Guardian ad litem's representation of the best interests of the child; 3) whether the Guardian ad litem's hourly rate is commensurate with customary fees in this locality; and 4) the amount each party shall contribute toward the Guardian ad litem's fees.

(f) An order for payment of Guardian ad litem fees shall be a joint and several judgment. Guardian ad litem fees are assessed as and for additional child support and as such are not dischargeable in bankruptcy.

{¶24} In this case, the parties specifically addressed the issue of guardian ad litem fees at the conclusion of the August 25, 2015 hearing. In pertinent part, the parties

agreed (1) to waive an oral hearing on the guardian ad litem fees, (2) to allow the guardian ad litem to submit his fees, and (3) if either party opposed the submitted fees, they were entitled to raise an objection and request a hearing. The trial court accepted the parties' agreement stating:

> I'll let [the guardian ad litem] submit his fees. You'll get a copy. If you have an objection to the fees and want a hearing, otherwise, I'll divide them equally.

**{¶25}** Our review of the record indicates that, following the August 25, 2015 hearing, Mother did not object to the guardian ad litem's submission of fees and did not request a hearing regarding the appropriateness of the fees. Under these circumstances, we find the parties collectively waived the trial court's obligation to hold an evidentiary hearing on the issue of whether the time spent by the guardian was necessary and reasonable. Accordingly, we find the trial court did not abuse its discretion in awarding the guardian ad litem fees without a hearing.

**{¶26}** Mother's third assignment of error is overruled.

### C. Failure to Reappoint Prior Guardian ad Litem

**{¶27}** In her fourth assignment of error, Mother argues the trial court abused its discretion when it failed to reappoint Sheila Sexton ("Sexton") as the guardian ad litem in this case.

**{¶28}** Generally, the appointment of a guardian ad litem must be upheld absent an abuse of discretion. *Swanson v. Schoonover*, 8th Dist. Cuyahoga Nos. 95213, 95517, and 95570, 2011-Ohio-2264, ¶ 23.

**{¶29}** In this case, Mother moved the trial court to reappoint Sexton as the guardian ad litem. Mother noted that Sexton served as the guardian ad litem in the original custody case and was familiar with the minor child and her best interests. Despite Mother's request, however, the trial court appointed Susan Jankite ("Jankite") as guardian ad litem on December 10, 2014. Following Mother's objection to Jankite's appointment, and a motion to withdraw by Jankite, the trial court successively appointed James Schulz, William Weston, and finally, William Daugherty ("Daugherty") as the guardian ad litem in this matter.

**{¶30}** After careful review of the record, we are unable to conclude that the trial court's decision to appoint Daugherty, and not Sexton, as the guardian ad litem in this case constituted an abuse of discretion. Significantly, there is nothing in the record to suggest the appointment of Daugherty as the guardian ad litem was detrimental to the child's best interests. In our view, Daugherty performed his duties in a neutral and professional manner and developed a modified visitation schedule that served the child's best interests and addressed many of the concerns raised in the parties' competing motions to modify visitation. Accordingly, we find the trial court did not abuse its discretion by failing to reappoint Sexton as the guardian ad litem.

**{¶31}** Mother's fourth assignment of error is overruled.

### D. Motion for Sanctions

**{¶32}** In her fifth assignment of error, Mother argues the trial court erred when it dismissed her motion for sanctions without holding a hearing.

**{¶33}** On June 23, 2015, Mother filed a motion to compel discovery, arguing that Father failed to sufficiently respond to her interrogatories and request for production of documents. Mother's motion to compel included a request for sanctions, in the form of attorney fees, for Father's failure to respond to Mother's discovery requests.

**{¶34}** On June 26, 2015, the trial court issued a judgment entry granting Mother's motion to compel discovery. In its judgment entry, the trial court noted that Mother's request for sanctions "remains pending."

**{¶35}** In its September 21, 2015 judgment entry, the trial court dismissed Mother's pending motion for sanctions, stating:

> All motions, with the exception of Mother's Show Cause Motion regarding child support payments, that have not been specifically addressed in this judgment and remain pending are dismissed.

**{¶36}** Within this assignment of error, Mother contends the trial court erred in dismissing her motion for sanctions without requiring Father "to stand before the trial court and explain why he should not be held in contempt." Despite the language used by Mother, however, we note that Mother did not file a motion for sanctions pursuant to Civ.R. 37(b)(2), alleging that Father failed to comply with the trial court's June 26, 2015 order granting her motion to compel discovery. Thus, our review of the trial court's dismissal of all "pending motions" is limited to Mother's June 23, 2015 motion for sanctions and request for attorney fees in the amount of $618.75 pursuant to Civ.R. 37(A)(4).

**{¶37}** Civ.R. 37(A)(4) provides that where, as here, the trial court grants a party's

motion for an order compelling discovery:

> The court shall, after opportunity for hearing, require the party or deponent who opposed the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, *unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.*

(Emphasis added.)

{¶38} "The decision to impose sanctions pursuant to Civ.R. 37 is within the discretion of the trial court; thus, we will not reverse the trial court's decision absent an abuse of discretion." *Maurer v. Boyd,* 9th Dist. Summit No. 23818, 2008-Ohio-1384, ¶ 5, citing *Millis Transfer, Inc. v. Z & Z Distrib. Co.*, 76 Ohio App.3d 628, 602 N.E.2d 766 (6th Dist.1991).

{¶39} In this case, our review of the record reflects that, prior to trial, the trial court addressed Mother's request for sanctions on the record. Following a brief discussion, the trial court concluded that many of the documents requested by Mother during the discovery process were not relevant to the issues of visitation presently before the court. Instead, the requested documents pertained to Father's finances and arguments concerning his child support obligations. As stated by the court, issues of child support were not before the court and would be addressed at another time.

{¶40} Under these circumstances, we find the trial court did not abuse its discretion in dismissing Mother's June 23, 2015 motion for sanctions. As reflected in the trial transcript, the basis of the requested sanctions were articulated and addressed in open court. While the court granted Mother's motion to compel discovery, it acted

within its discretion by dismissing the accompanying motion for sanctions in the form of attorney fees where Father's opposition to the requested documents were justified given their nature and irrelevance to the pending visitation issues before the court.

**{¶41}** Accordingly, Mother's fifth assignment of error is overruled.

### III. Conclusion

**{¶42}** The trial court's modification of Father's visitation schedule was in the best interests of the minor child. In addition, the trial court did not abuse its discretion by appointing Daugherty as the guardian ad litem or by awarding him guardian ad litem fees without holding a hearing. Finally, the trial court did not abuse its discretion by dismissing Mother's motion for sanctions without a hearing.

**{¶43}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, PRESIDING JUDGE

MELODY J. STEWART, J., and
MARY J. BOYLE, J., CONCUR